The Gulf, Colorado & Santa Fe Railway Company v. G. A. Trott. No. 72.

### Mental Anguish as Ground of Damages—Fright.

In response to the following questions, viz.: (1) In an action for damages based upon tortious and negligent conduct of a defendant, where the wrongful act causes damages to plaintiff's property, but no physical injury to plaintiff, is mental suffering an element of actual damages? (2) Can actual damages be recovered for mental suffering when there is no physical injury, no injury to property, nor other element of actual damages? The court responded: We are of opinion that these questions should be answered in the negative. So far as we have been able to discover, all the cases involving the question of the right to recover for fright alone are in accordance with that holding. Authorities are discussed ..................................... 413

Questions Certified from Court of Civil Appeals for Third District, in an appeal from County Court of Milam County.

*J. W. Terry*, for appellant.

GAINES, Associate Justice. — The Court of Civil Appeals for the Third Supreme Judicial District certify the following questions for our determination:

"In the above styled and numbered case now pending in our court, the appellee claimed and received damages in the County Court for alleged negligence on part of appellant company, whereby appellee's team of horses, hitched to a wagon in which he was travelling, were frightened and caused to break his wagon, and put him in fear and fright as to his own personal safety, and caused him great mental suffering, vexation, and anxiety of mind. There was evidence tending to support all of these allegations. There was no averment or proof of any physical injury to appellee. The court instructed the jury, that if they found for appellee, and found that as the result of the negligence complained of he was frightened, put in fear of his personal safety, and caused mental pain or anxiety,

they should allow him .fair and reasonable compensation therefor. The evidence did not present any issue as to exemplary damages, and the jury were so instructed.

" With this explanation this court certifies to the Supreme Court for decision the following questions:

" 1. In an action for damages based upon tortious and negligent conduct of a defendant, where the wrongful act causes damages to plaintiff's property, but no physical injury to plaintiff, is mental suffering an element of. actual damages ?

" 2. Can actual damages be recovered for mental suffering when there is no physical injury, no injury to property, nor other element of actual damages ? "

We are of opinion that these questions should be answered in the negative. So far as we have been able to discover, all the cases involving the question of the right to recover for fright alone are in accordance with that holding.

In Victorian Railway Commissioners v. Carltas, Law Reports, 13 Appeal Cases, 222, the gate keeper at a crossing negligently permitted the plaintiff's carriage to cross the railway track just as a train was approaching. The approach of the train was discovered by the driver of the carriage, and by an effort the passage was effected barely in time to prevent a collision. The peril was imminent, and the plaintiff, a married woman, was greatly frightened. The judicial committee of the Privy Council, reviewing the judgment of the Supreme Court of Victoria, held that there could be no recovery. They say in their opinion: ."According to the evidence of the female plaintiff, her fright was caused by seeing the train approaching and thinking they were going to be killed. Damages arising from mere sudden terror, unaccompanied by any actual physical injury, but occasioning a nervous or mental shock, can not under such circumstances, their lordships think, be considered a consequence which, in the ordinary course of things, would flow from the negligence of the gate keeper. If it were held that they can, it appears to their lordships that it would be extending the liability for negligence much beyond what that liability has hitherto been held to be. Not only in such a case as the present, but in every case where an accident caused by negligence had given a person a serious nervous shock, there might be a claim for damages on account of mental injury: The difficulty which now exists in case of alleged physical injuries of determining whether they were caused by the negligent act, would be greatly increased, and a wide field opened for imaginary claims.

" The learned counsel for respondents were unable to produce any decision of the English courts in which, upon such facts as were proved in this case, damages were recovered. The decision of the Supreme Court of New York, which he referred to in support of his contention, was a.

case of palpable injury, caused by a boy, who was frightened by defendant's violence, seeking to escape from it, and is like the case of Swesby v. Lancashire & Yorkshire Railway Company, 1 Q. B. D., 42.

"It is remarkable that no precedent has been cited of an action similar to the present having been maintained or even instituted, and their lordships decline to establish such a precedent. They are of opinion, that the first question, whether the damages are too remote, should have been answered in the affirmative; and on that ground, without saying that 'impact' is necessary, that the judgment should have been for the defendants."

In Ewing v. Pittsburgh Railway Company, 14 Lawyers' Reports Annual, 666, the plaintiff, also a married woman, was frightened by reason of a car of the defendant company having been thrown "against and upon" her dwelling house, as a result of a negligent collision of trains on defendant's track. In their opinion in the case, the Supreme Court of Pennsylvania say: "There was no allegation that she had received any bodily injury. If mere fright, unaccompanied with bodily injury, is a cause of action, the scope of what are known as 'accident cases' will be very greatly enlarged; for in every case of a collision on a railroad the passengers, although they may have sustained no bodily harm, will have a cause of action against the company for 'fright' to which they have been subjected. This is a step beyond any decision of any legal tribunal of which we have knowledge."

The court say further: "If the injury was one not likely to result from the collision, and one which the company could not have reasonably foreseen, then the accident was not the proximate cause. The rule on this subject is as follows: 'In determining what is the proximate cause, the true rule is that the injury must be the natural and probable consequence of the negligence; such a consequence as under the surrounding circumstances of the case might and ought to have been seen by the wrongdoer as likely to flow from his act. Tested by this rule, we regard the injury as too remote.' We know of no well considered case in which * * * mere fright, when unaccompanied by some injury to the person, has been held actionable. On the contrary, the authorities, so far as they exist, are the other way. Mr. Wood fairly states the rule in his note to Mayne on Damages, at page 74: 'So far as I have been able to ascertain, the force of the rule is, that the mental suffering referred to is that which grows out of the sense of peril or the mental agony at the time of the happening of the accident, and that which is incident to and blended with the bodily pain incident to the injury and the apprehension and anxiety thereby induced. In no case has it ever been held that mental anguish alone, unaccompanied by an injury to the person, afforded a ground of action.'" The same doctrine is announced in terms equally emphatic in Wyman v. Leavitt, 71 Maine, 227.

So in Atchison Railway Company v. McGinnis, 46 Kansas, 109, the court say: " The jury found that the plaintiff below was damaged $65 by reason of peril and fright. Damages of this kind are too remote. A person who is placed in peril by the negligence of another, but who escapes without injury, may not recover damages simply because he has been placed in a perilous position. Nor is mere fright the subject of damages." The same general principles are recognized in the following cases: Canning v. Williamstown, 1 Cush., 451; Johnson v. Wells, 6 Nev., 224; Railway v. Stables, 62 Ill., 313; Lynch v. Knight, 9 H. L. Cases, 577; Jock v. Dankwardt, 85 Ill., 331.

Our conclusion is based upon the principles announced in the cases from which we have quoted.

Delivered February 19, 1894.