SAN ANTONIO & ARANSAS PASS RAILWAY COMPANY
v. FRANK CORLEY.

No. 218.

**Charge—Mental Agony—Fright and Peril.**

> On trial of suit for damages for personal injuries, etc., suffered in a railroad wreck, the court charged the jury, that in assessing the damages "you may take into consideration the physical pain and suffering, mental agony, peril, fright, and nervous shock, if any, incident to her injuries, and assess such sum as you, in the exercise of a sound discretion, will determine as a proper compensation therefor." At request of the defendant the following instruction was given: "Should you find for the plaintiff you may, in assessing damages, consider the mental and physical pain, if any, as shown by the evidence, suffered by plaintiff's wife, but you can only consider such mental and physical pain as you may find from the evidence resulted to her from the injuries, if any, received in the derailment of the car upon which she was travelling." Taking the two charges together, it is manifest that the jury must have understood that "mental suffering" included "fright and peril." The verdict being for $1000, it is evident that no injury resulted to the defendant from the form of the charge, and that damages were not duplicated in the finding of the jury ............................ 434, 435

ERROR to Court of Civil Appeals for Fourth District, in an appeal from Bexar County.

*Thomas H. Franklin*, for plaintiff in error.—The petition does not claim any separate damages for peril or fright. Peril, fright, and nervous shock are all included under head of mental suffering. It was therefore error to give the charges complained of. Simcock v. Railway, 81 Texas, 503; Lock v. Railway, 20 S. W. Rep., 855; Porfert v. Railway, 72 Texas, 344.

The damages complained of in plaintiff's petition are as follows:

"That said Mary B. Corley was violently thrown from her seat in the car over against and upon the seat and side of the car opposite to where she had been sitting, thereby causing serious wounds, cuts, bruises, and bodily wounds, and injuries on the head, shoulders, side, back, and spine."

And that she "suffered great physical pain and mental distress consequent upon the said injuries, and that she was seriously cut and bruised upon her head, and seriously bruised in her right side and in her spine at the small of her back." "That she is still suffering from said injuries with pains in her head and back, and that she received at the same time and in the same manner, a severe nervous shock, from which she has never yet recovered, and that her health has been permanently injured by the said wounds and bruises and nervous shock."

The plaintiff sets out what is termed an itemized bill of particulars of said damages, as follows: Medical attendance rendered necessary

by said injuries, $50; loss of labor and time by reason of said injuries, $450; physical pain and suffering, loss of blood, mental agony, and nervous shock incident to the said injuries, $2500.    Total, $3000.

[The charge of the court is in the opinion.]

*McLeary & Fleming*, for defendant in error.—The terms mental agony, peril, fright, and nervous shock all mean one and the same thing.    The special charges requested by the defendant and given by the court instructed the jury as to the measure of damages, and if the charge of the court was erroneous, it was harmless, and the jury was evidently not influenced by it.  The petition alleges, that Mary B. Corley was violently thrown from her seat over against and upon the opposite side of the car from where she had been sitting; causing her several wounds, cuts, and bruises, and wounds and injuries of the head, shoulder, side, back, and spine; and that she, the said Mary B. Corley, suffers great physical and mental distress in consequence of said injuries; and that she was severely cut and bruised in her right side and spine, at the small of the back, by which she was confined to her bed for a period of one month; and that she still suffers from said injuries in her side, and pain in her back; that she received at the same time and in the same manner a severe nervous shock, from which she has not recovered; that her health has been permanently injured by the said wounds and bruises and nervous shock, and that he fears that his said wife will never recover her former health; that he has been compelled to employ a physician to endeavor to restore her to her former physical health and former condition, for which this plaintiff has paid a large sum of money.  The plaintiff now here shows to the court that by the negligent acts of the said receivers, their servants, agents, and employes, and the defective condition of the railway track and car of appellant company, then under exclusive control and operated by said receivers, his said wife has been greatly injured, and plaintiff has been damaged in the sum of $3000, an itemized bill of the particulars of the said damages being given.    Railway v. Porfert, 72 Texas, 353.

BROWN, ASSOCIATE JUSTICE.—Frank Corley sued the railroad company for damages alleged to have been caused to his wife, Mary Corley, in a wreck on its road while she was a passenger thereon at a time when it was operated by Receivers Yoakum and Macnamara.

It appears from the findings of the Court of Civil Appeals that Mrs. Corley took passage on a train on defendant's railroad at Corpus Christi, and soon after leaving that place the car in which she was riding was derailed, and she injured seriously, according to her testimony, and slightly, as testified to by a physician who saw her soon after the accident, but who did not see her again for about two years.    Other witnesses supported Mrs. Corley's statement of her injuries and the effect

produced thereby, among them a physician who saw her some two years after the injuries were received, who, taking her statements as to her symptoms, stated that the injuries related by her might and probably would produce the effects of which she complained.

The case was tried in the District Court, and resulted in a verdict for plaintiff Corley for $1000, which judgment was affirmed by the Court of Civil Appeals.

The plaintiff in error presents a number of objections to the judgment, but we deem it unnecessary to notice any of them except that one which is based upon the giving of the following charge:

"4. If you find for the plaintiff, in assessing the damages you may take into consideration the physical pain and suffering, mental agony, peril, fright, and nervous shock, if any, incident to her injuries, and assess such sum as you, in the exercise of a sound discretion, will determine as a proper compensation therefor."

It is claimed that the foregoing charge authorized the jury to find damages for "*mental agony*" and for "peril and fright," giving double damages to the plaintiff for the mental anguish, the others being included therein. Upon the application for writ of error, this court granted the writ upon that view of the case as it was then presented.

Looking at the charge alone, it would seem to be susceptible of that construction, and if so construed by the jury and damages given for "mental agony" and for "peril and fright," separately, it would be an error for which the judgment must be reversed. Railway v. Porfert, 72 Texas, 344.

Fright and peril unaccompanied by any injury to the person will not sustain an action for damages. Railway v. Trott, 86 Texas, 412; Wyman v. Leavitt, 71 Me., 303; 3 Suth. on Dam., 715, 716. This court, however, will look to the whole charge, as well as the evidence and the verdict, to determine whether or not it is probable that the technical error in the framing of the charge has worked any injury to the defendant. In other words, we will ascertain if we can the light in which the jury viewed the charge, and if the result has been such as the law will justify, the judgment will not be disturbed.

Defendant asked the court to give the following charge, which the court gave to the jury:

"Should you find for the plaintiff, you may, in assessing damages, consider the mental and physical pain, if any is shown by the evidence, suffered by plaintiff's wife, but you can only consider such mental and physical pain as you may find from the evidence resulted to plaintiff's wife from the injuries, if any, received in the derailment of the car upon which she was traveling," etc.

Taking this charge and others given at defendant's request, in connection with the charge given by the court, the jury must have understood that mental suffering included "fright and peril," for it is evi-

dent that defendant's counsel so understood it at the time; otherwise, while writing the above charge, they would have asked the court to limit the charge complained of in this respect, as well as in the points indicated by the special charge.

There is no serious conflict in the evidence as to the character and extent of the injuries, except between Dr. Graves and the plaintiff's wife.   According to Dr. Graves' evidence the injury was slight, but he saw her only twice, and that recently after the injury; while another physician who saw her two years after that states, that the complaints then made indicated such symptoms as might have been the result of the injuries claimed to have been sustained.

We think that from the whole case it is reasonably certain that the jury did not give double damages to the plaintiff for *"mental anguish,"* by adding thereto damages for "fright and peril." The verdict is moderate, considering the injury and the state of peril in which the lady was placed, for it is legitimate to consider the fright, alarm, or mental anguish she might have suffered by reason of her perilous position, in which she suffered injury to her person, all of which was caused by the negligence of the defendant.

There is no error in the judgment of the Court of Civil Appeals, and it is therefore affirmed.

*Affirmed.*

Delivered January 21, 1895.

DENMAN, Associate Justice, did not sit in this case.