### St. Louis Southwestern Railway Company of Texas v. J. Ross Mitchell.

#### Decided January 23, 1901.

**1.—Damages—Fright and Physical Injury.**

There can be no recovery of damages for fright alone, but where physical injuries result from the fright, recovery may be had on account of injuries.

**2.—Same—Proximate Cause of Injury at Railway Crossing.**

A failure to ring the bell or blow the whistle of a railway train when it is approaching a public crossing can not, as matter of law, be held not to be the proximate cause of a fright and consequent injuries received by a person approaching the crossing.

**3.—Same—Injury Such as Should Have Been Foreseen.**

Where the injury appears to be one which naturally would result from a fright, such as miscarriage by a pregnant woman, it will be regarded in law as one which should have been foreseen. See charge held not objectionable because failing to require the consequent miscarriage of plaintiff to have been foreseen as the result of her fright.

**4.—Contributory Negligence—Charge of Court.**

A charge that if plaintiff's wife was frightened in the manner alleged, and threatened with miscarriage, and during that time was conveyed to her home in a wagon, and the same produced or contributed to produce the miscarriage, or if the miscarriage was produced from any cause other than the fright, plaintiff could not recover, is not objectionable as excluding every act of negligence happening after the fright except that referred to in the charge.

**5.—Evidence—Injury at Railway Crossing.**

It was competent for plaintiff to testify that he had previously crossed the railway track at the place where the injury occurred, a public road crossing, and heard the whistle blown 400 to 500 yards before the train reached there, as this tended to show his hearing was good enough to have detected the whistle if it had been blown as he approached the crossing at the time complained of.

Appeal from Franklin. Tried below before Hon. J. M. Talbot.

*Glass, Estes & King* and *Sam H. West,* for appellant.

*King & King* and *Shepherd & Jones,* for appellee.

JAMES, Chief Justice.—Appellee sues to recover damages for injuries to his wife resulting from a miscarriage which he alleges was caused by fright from the near approach of a passing train at a public crossing. The circumstances of the case may be best shown by stating from the testimony of plaintiff. He testified that he had his family in

a wagon, driving along the public road, and stopped about thirty or forty yards from the crossing, and looked and listened for any approaching train, and saw and heard none. That where he stopped was on the brink of a hill, and from there down to the railroad was down hill, and it was down hill until after the railroad was passed. When the horses were about ten feet of the track a passenger train appeared, no whistle having been blown nor bell rung as required by law at such places. He could not turn out of the road, nor back, as there were ditches on either side, and he drove rapidly across, in time to escape the train. He says he whipped up and went over it in front of the approaching train, believing under the circumstances it was best to do so, being afraid to stop so near the track. His wife, who was in the wagon, was a nervous woman, and was so frightened by the situation, that she almost immediately complained of her back, and the evidence is that on the night of the following day she had a miscarriage.

From the plaintiff's and other testimony in the case which the jury must, from their findings, have credited, we state as conclusions of fact that defendant's employes neglected to give any signal announcing the approach of its train at this public crossing; that such statutory negligence was the cause of the fright to plaintiff's wife; that the failure to give signals at such places would naturally tend to cause persons using the public road to come into dangerous proximity to the passing train, and thereby cause them fright, and such a· result may reasonably be anticipated from such failure, and we accordingly find that such failure was the proximate cause of the fright and of the resulting personal injuries complained of. We find also that there was no contributory negligence.

*Opinion.*—The rule is settled in this State, that for fright alone there can be no recovery of damages, yet where physical injuries result from the fright, recovery may be had on account of such injuries. Hill v. Kimball, 76 Texas, 210; Railway v. Hayter, 54 S. W. Rep., 944; Railway v. Trott, 86 Texas, 412; Yoakum v. Kroeger, 27 S. W. Rep., 953.

It appears to us that the acts of negligence here alleged were calculated to lead persons into positions of danger at crossings which otherwise they would have avoided, and that fright to persons is a natural incident to such situations; therefore it can not be said as a matter of law that said acts were not the proximate cause of the fright or the consequent injuries to plaintiff's wife.

The second assignment complains of the instruction to find for plaintiff if, in the light of the attending circumstances, her fright, if any, ought to have been foreseen as a natural and probable consequence of the failure to give signals. The gist of this second assignment is pointedly indicated by the third, which complains of the refusal of a charge in effect that, even though negligence be shown in the failure to ring the bell or blow the whistle, plaintiff could not recover unless, in the light of the attending circumstances, *a physical injury* to plaintiff's wife ought

to have been foreseen by defendant's employes as a natural and probable consequence of such negligence.

The point, as we apprehend it, is that inasmuch as no recovery can be had for fright alone, and the injury claimed to have resulted therefrom is what gives the cause of action, the injury itself must have been one that could be foreseen as a natural and probable consequence of the negligence. The rule as expressed in Railway v. Hayter, supra, is that "where a physical injury results from a fright or other mental shock, caused by the wrongful act or omission of another, the injured party is entitled to recover his damages, provided the act or omission is the proximate cause of the injury, and the injury ought, in the light of all the circumstances, to have been foreseen as a natural and probable consequence thereof." Thus it seems that not merely the fright, but really the injury attending or following it, must be of a character to have been foreseen under the circumstances or a natural and probable result.

The charge, among other conditions necessary for plaintiff's recovery, required that the jury should find that the injuries alleged resulted from the fright, also that the failure to give signals was the direct cause of the fright and injury, and that "in the light of the attending circumstances her fright, if any, ought to have been foreseen as a natural and probable consequence" of such failure. The charge does not go far enough to strictly satisfy the rule above quoted from Railway v. Hayter.

It seems to us that where the injury appears to be one which naturally would result from a fright, it will be regarded in law as one which should have been foreseen. We do not have to say in this case that it is a matter of common knowledge that fright naturally tends to produce such an injury to a woman in the condition plaintiff's wife was in. There is testimony on this subject, that of Dr. Dodson, which is undisputed. He testified that sometimes a woman receives so severe a shock that nothing will prevent a miscarriage. There is other testimony on this subject. This to our minds implies that the natural tendency of a shock is to produce a miscarriage. We therefore conclude that the rights of appellant in this case were sufficiently respected by the court's requiring the jury, in order to find for plaintiff, to find that in the light of the attending circumstances her fright ought to have been foreseen as a natural and probable consequence of the failure to give signals. It was established by the verdict that the fright was the sole cause of the injuries complained of in this case, for under the charges, the jury could not otherwise have found for plaintiff.

We think the fourth and fifth assignments present questions that are plainly without merit, and therefore it is unnecessary to discuss them.

The sixth assignment is that the following part of a charge was erroneous in that it excluded from consideration every act of negligence on the part of plaintiff happening after the alleged fright, except that referred to in the charge. The following is the charge upon which this complaint is founded. "In this connection you are instructed that if

plaintiff's wife was frightened in the manner alleged, and thereafter threatened with miscarriage, and during that time was conveyed to her home in a wagon, and the same produced or contributed to produce a miscarriage, then for the physical and mental pain suffered by reason thereof plaintiff can not recover." The charge as given renders this criticism baseless, because in the same paragraph and following the above, the court added "or if plaintiff's wife miscarried and the same was caused or produced from any cause other than the fright, if any, occasioned by reason of the matters and things alleged in plaintiff's petition, then plaintiff can not recover any sum for the physical or mental pain suffered by her by reason of such miscarriage." Defendant asked a charge, the one referred to in the seventh assignment, which would have been open to the same objection it makes to the above charge, in that it singled out the failure of plaintiff to call in medical aid. This was refused, but another charge it asked was given as follows: "Although you should find that the agents of defendant in charge of its train failed to blow the whistle or ring the bell, but you further believe that the plaintiff, by the use of ordinary care, could have prevented a miscarriage of his wife, and that he failed to exercise such care to prevent or lessen the injury, and such failure contributed to the miscarriage, then for such injury plaintiff can not recover." These considerations, in our opinion, dispose also of the eighth and tenth assignments of error.

The twelfth assignment is not well taken, because it was proper to allow plaintiff to show that he had previously crossed at this place and heard the whistle blown four or five hundred yards before trains reached the crossing, as this testimony has no tendency to show negligence in these respects at the time complained of, but tended to show that plaintiff's hearing was good enough to detect the whistle if it had been blown on this occasion. Plaintiff, however, also testified in this connection (as shown by the bill of exceptions) that he had traveled the road since the injury to his wife, but did not remember whether he had noticed the whistle being blown or not. He did not testify, as is stated in this assignment of error, "that he could not remember to have heard the whistle blown." His testimony was neither that he had nor had not heard the whistle on these occasions.

The thirteenth and last assignment is that the verdict was contrary to and unsupported by the evidence. Our conclusions of fact dispose of this. The judgment is affirmed.

*Affirmed.*

Writ of error refused.