ST. LOUIS SOUTHWESTERN RAILWAY COMPANY OF TEXAS v. W. J. ALEXANDER.

No. 2379. Decided January 13, 1915.

**1.—Practice in Supreme Court.**

The Court of Civil Appeals should find the facts, and not refer for them to the published report of the case on a former appeal. (P. 520.)

**2.—Trespass—Damages—Fright.**

Mental and physical injuries from fright caused by a trespass are recoverable as damages. (Pp. 521, 522.)

**3.—Same—Case Stated.**

A detective employed by a railway company to discover persons stealing its lumber, accompanied by the station agent and other employes, entered upon plaintiff's home premises, in his absence, at night, with lights to examine lumber belonging to plaintiff and piled therein, in unsuccessful search for possible

evidence against him. The wife, in the house and without protection, and suspecting their purpose, fainted, necessitating the calling of a physician, and suffering illness in consequence. Held, that damages for her mental and physical suffering were recoverable. (Pp. 520-522.)

Error to the Court of Civil Appeals, Third District, in an appeal from Hill County.

Alexander sued the railway company and recovered judgment for damages. Defendant appealed and obtained writ of error on its affirmance.

*E. B. Perkins, Scott & Ross,* and *D. Upthegrove,* for plaintiff in error.—When the evidence shows that the injuries complained of were not such consequences as, under the circumstances, should have been reasonably foreseen by persons of ordinary prudence, similarly situated to defendant's agents, as the natural and probable consequences of their acts, a verdict and judgment for the plaintiff is against the weight of the evidence, and requires a reversal. T. & P. Ry. Co. v. Reed, 88 Texas, 439; S. A. & A. P. Ry. Co. v. Stevens, 32 Texas Civ. App., 80; T. & P. Ry. Co. v. Bigham, 90 Texas, 223; Brush, etc., Co. v. Lefevre, 93 Texas, 607; Johnson v. Gulf, etc., Ry. Co., 2 Texas Civ. App., 139; Jones v. George, 61 Texas, 353; Eames v. Texas, etc., Ry. Co., 63 Texas, 666; Gonzales v. Galveston, 84 Texas, 7; Texas, etc., Ry Co. v. Black, 44 S. W., 673; Sickles v. Missouri, etc., Ry. Co., 33 Texas Civ. App., 434; Galveston, etc., Ry. Co. v. Harris, 53 S. W., 599; Smith v. Texas, etc., Ry. Co., 24 Texas Civ. App., 92; Phillips v. Dickerson, 28 Am. Rep., 607; 29 Cyc., Law and Procedure, p. 528, sec. D.

Although damages may be recovered for fright and consequent physical injury when the wrong is committed against the party sustaining such fright and injury, yet for fright and consequent physical illness or disease produced by fear or injury, actual or threatened, to another, no damages are recoverable, as such injury is not the direct and probable consequence of the wrongful entry upon plaintiff's premises, and in the light of all the circumstances, could not reasonably have been foreseen or anticipated. Pullman Car Co. v. Trimble, 8 Texas Civ. App., 335; Railway Co. v. Woods, 15 Texas Civ. App., 612; Railway Co. v. Martino, 18 S. W., 1066, 2 Texas Civ. App., 634; Railway Co. v. Douglass, 96 Texas, 697; St. L. S. W. Ry. Co. v. Gregory, 73 S. W., 28; G., C. & S. F. Ry. Co. v. Dickens, 118 S. W., 612; Sperier v. Ott, 41 So., 323; Gaskin v Runkle (Ind.), 58 N. E., 740; Wyman v. Leavitt, 36 Am. Rep., 306; note to Gulf, etc., Ry. Co. v. Hayter, 77 Am. St. Rep., 871; Cleveland C. C. & St. L. Ry. Co. v. Stewart (Ind.), 56 N. W., 917; Bank v. Mott, 17 Wend., 554; note to Huston v. Freemansburg, 3 L. R. A. (N. S.), 69; Buckram v. Great Northern Ry. Co., 76 Minn., 79; Reed v. Ford (Ky.), 112 S. W., 600; 1 Smith, Damages, sec. 23.

*Collins & Cummins* and *Morrow & Morrow,* for defendant in error.— The nerves being, as a matter of fact, a part of the physical system, if

they are affected by fright to such an extent as to cause physical pain, the injury resulting therefrom is the direct result of the act producing the fright. Watson v. Dilts, 57 L. R. A., 559; Spade v. Lynn & B. R. Co., 168 Mass., 285; Hill v. Kimball, 76 Texas, 210; Mack v. Southbound R. Co., 52 S. C., 323; Purcel v. St. Paul City R. Co.; 48 Minn., 134; Larson v. Chase, 47 Minn., 307; Meagher v. Driscol, 99 Mass., 281; Lombard v. Lennox, 155 Mass., 70; Mentzer v. Western U. Tel. Co., 93 Iowa, 752; Railway Co. v. Hayter, 93 Texas, 240.

MR. CHIEF JUSTICE BROWN delivered the opinion of the court.

The Court of Civil Appeals for the Third District has not made a sufficient statement of the facts of this case, but refers to the opinion of the Court of Civil Appeals of the Fifth District, published in the 122d volume of the Southwestern Reporter. It is not in accordance with the practice in this court to entertain a case on such a statement as is made here by reference to another opinion for the facts upon which the decision rests, but as this case has been pending so long since the application was granted, we will proceed to a disposition of it in the condition we find it, with the statement, however, that this practice will not be indulged hereafter.

From the statement made in the two opinions, we gather the following as the substantial facts developed on the trial. The plaintiff in error had a station at the town of Hillsboro, where it had agents and employees, and seems to have had lumber in connection with its business there, but just what the lumber was for does not appear from the opinion of the court, and, in fact, it is not important in this case that it should. The agent and employees of the railroad company at Hillsboro discovered that someone was carrying away lumber from about the depot and the surroundings of the railroad, and for some reason, suspicion attached to the defendant in error, W. J. Alexander, who resided in Hillsboro with his wife and one child. The railroad company directed the agent to investigate the matter as to the guilt of Alexander, and sent a detective to Hillsboro to co-operate with the agent and employees there in the investigation of the matter. The detective who was sent for the purpose of investigation visited Alexander's house on one occasion under the pretense of desiring to buy some chickens, and had Alexander's wife to go out into the yard to show him the chickens. It appears that Alexander had lumber stacked in his yard, and the inspection of that lumber was, perhaps, the real purpose of the detective. Alexander was away from home, and his wife and one child, ten years old, and an old man who slept there, were the only persons in the house, which was known to the detective and to the agent of the railroad company. After Mrs. Alexander had retired and was, perhaps, asleep, as she states, about midnight, the detective, the agent, and another servant of the railroad company entered the yard of Alexander with lanterns, and inspected and examined the lumber in the yard.

Mrs. Alexander saw them engaged in so doing, and being alone, became very much alarmed, as she said that she knew that they were seek-

ing evidence against her husband upon the charge of having stolen the lumber.   The result was, stated briefly by the court, that she fell to the floor and lay there for an indefinite time, unconscious.   A physician was called and attended her for some time, during which time she was suffering a great deal from nervous trouble, the result of the fright that she received through the conduct of the detective, the agent, and the other servant of the railroad company in entering the yard at the time of night that they did, etc.   It does not appear that any evidence was obtained as to the guilt of Alexander, and it has not been asserted, so far as we are able to see, by the railroad company, that there was really any ground for suspicion.   The detective and those who accompanied him had no warrant of authority from any court or officer, nor in any way were they authorized by any lawful process to enter upon the premises for such purposes.   Consequently, they were trespassers upon Alexander's home, in his absence, and under the circumstances stated.

There was a trial in the District Court of Hill County, at which the presiding judge instructed a verdict for the defendant.   That judgment was, upon appeal to the Court of Civil Appeals of the Fifth District, reversed and remanded.   At a subsequent trial, Alexander recovered a judgment for $3000, from which the appeal was taken to the Fifth District, as before, and transferred to the Third District, where the judgment of the District Court of Hill County was affirmed, and this writ of error was granted by this court.

There is no controversy about the facts of the case, and the only question of law is, was the evidence sufficient to sustain the verdict of the jury as a matter of law.   This court, in granting the writ, seemed to take the view of the case that there was not sufficient evidenec to show legal liability on the part of the railroad company.

The facts warranted the jury in finding that the servants of the plaintiff in error acted under the instruction of the railroad company, and, without any lawful authority, entered upon the premises of defendant in error, whereby they committed a trespass.   That the entry was made to investigate an unfounded charge of dishonesty against the plaintiff in error, and was made when they knew that Alexander was absent, and at the hour of midnight.   Liability for the direct consequences can not be denied, and the only question for this court is, can plaintiff recover for the mental suffering and physical injury that was suffered by the wife, arising from the fright produced by the unlawful acts of the detective and agent of the railroad company.   It would be unprofitable for us to enter upon a discussion of the liability for physical suffering arising from mental condition produced by wilful tort.   The decisions of other States are in decided conflict, but this court has fully settled the rule to be, that in case of such injury the wrongdoer is liable for all mental and physical injuries which naturally result from such tort.   Hill v. Kimball, 76 Texas, 210, 7 L. R. A., 618, 13 S. W., 59; Gulf, C. & S. F. Ry. Co. v. Hayter, 93 Texas, 239, 77 Am. St., 856, 47 L. R. A., 325, 54 S. W., 944.   The right to recover under such circumstances for physical suffering caused by fright is logically and defi-

nitely settled in this State by this language, found in the case of Hill v. Kimball, above cited:

"That a physical personal injury may be produced through a strong emotion of the mind there can be no doubt. The fact that it is more difficult to produce such an injury through the operation of the mind than by direct physical means affords no sufficient grounds for refusing compensation in an action at law when the injury is intentionally or negligently inflicted. It may be more difficult to prove the connection between the alleged cause and the injury, but if it be proved, and the injury be the proximate result of the cause, we can not say that a recovery should not be had."

The rule of liability is also distinctly and forcibly announced in Gulf, C. & S. F. Ry. Co. v. Hayter, 93 Texas, 242, 77 Am. St., 856, 47 L. R. A., 325, 54 S. W., 945, as follows:

"We conclude that where a physical injury results from a fright or other mental shock, caused by the wrongful act or omission of another, the injured party is entitled to recover his damages, provided the act or omission is the proximate cause of the injury, and the injury ought, in the light of all circumstances, to have been foreseen as a natural and probable consequence thereof. In our opinion, as a general rule, these questions should be left to the determination of the jury."

It has been definitely settled for this State that damages may be awarded for injuries, mental and physical, when caused by fright. It would be profitless to pursue the subject further.

It is ordered that the judgments of the District Court and the Court of Civil Appeals be affirmed.