### DORSETT v. HOUSTON ELECTRIC CO.
### No. 11758.

Court of Civil Appeals of Texas. Galveston.
Dec. 20, 1945.

Rehearing Denied Jan. 10, 1946.

Helm & Jones, of Houston, for appellant.

Baker, Botts, Andrews & Wharton, Wm. M. Ryan, and J. Curtiss Brown, all of Houston, for appellee.

MONTEITH, Chief Justice.

This action was brought by appellant, Selma Dorsett, for the recovery of damages for injuries alleged to have been sustained by her as a result of the negligent operation of a bus driven by an employee of appellee, Houston Electric Company, which caused her to suffer great emotional upset and shock which were accompanied by bodily injuries and damages and which resulted in the death of her mother. Appellant alleged that the bus did not come in contact with her body but that, by reason of the effect of her experience on the occasion of the accident, she was placed in fear of great bodily harm and suffered an emotional upset which made it necessary for her to be placed under the care of physicians for many months; that she was unable to work for a period of approximately a year and that, as a natural consequence thereof, she has suffered from extreme nervousness, severe headaches, lapse of memory, and from brain deterioration.

Appellee answered by a general denial and by eleven special exceptions which were directed at appellant's petition; in which it was alleged, among other grounds, that: (1) Appellant's petition shows that recovery is sought for fright and that under the law liability may not be imposed for fright; (2) that the damages claimed by appellant were so remote and speculative as not to constitute a recoverable element of damages; (3) that the alleged simple negligence on the part of the bus operator could not have been a proximate cause of any damages; (4) that the damages claimed by appellant were not, as a matter of law, foreseeable; and (5) that no facts were alleged showing immediate physical injury to have been sustained by appellant, but that, on the contrary, it appeared that she was only alleged to have sustained fright and emotional upset.

All of these exceptions were sustained by the trial court and, upon appellant's declining to amend, the suit was dismissed, from which judgment this appeal is prosecuted.

It is the established law in Texas that there may be no recovery from mere fright which is neither attended nor followed by any other injury (Wedgworth v. City of Fort Worth, Tex.Civ.App., 189 S.W.2d 40; Laney v. Rush et al., Tex.Civ. App., 152 S.W.2d 491, and authorities there cited; Gulf, C. & S. F. R. Co. v. Trott, 86 Tex. 412, 25 S.W. 419, 40 Am.St.Rep. 866), but that recovery may be had in a proper case where a physical injury results from a fright or other mental shock which is caused by the wrongful act or omission of another, provided the act or omission is the proximate cause of the injury and the injury ought, in the light of all the circumstances, to have been foreseen as a natural and probable consequence thereof. Gulf, C. & S. F. R. Co. v. Hayter, 93 Tex. 239, 54 S.W. 944, 945, 47 L.R.A. 325, 77 Am.St.Rep. 856. The Supreme Court, in the case of Gulf, C. & S. F. R. Co. v. Hayter, supra, stated in its opinion that, as a general rule, "these questions should be left to the determination of the jury."

The Fort Worth Court of Civil Appeals, speaking through Chief Justice McDonald, in the case of Wedgworth v. City of Fort Worth, supra, has made the following comprehensive analysis of the Texas cases involving recovery for damages for injuries alleged to have resulted from fright or

other mental shock caused by the wrongful act or omission of another:

"In all of the Texas cases where recovery was allowed, there was a physical injury resulting from the fright, and the wrongful act of the defendant was of such a nature that a jury might have found that the defendant ought, in the light of all the circumstances, to have foreseen that the injury might result therefrom. In Hill v. Kimball, supra [76 Tex. 210, 13 S.W. 59, 7 L.R.A. 618], the defendant assaulted two negroes in the presence of the plaintiff's wife, knowing that the latter was pregnant. The wife suffered a miscarriage and other injuries. In Gulf, C. & S. F. R. v. Hayter, supra, the plaintiff was a passenger aboard a train which collided with another train. He was jarred considerably, but did not realize he was hurt until he got off the train. He suffered traumatic neurathemia, which may have resulted from the physical shock, or the mental shock produced by fright, or both. In St. Louis, S. W. R. Co. v. Mitchell, 25 Tex.Civ.App. 197, 60 S.W. 891, writ refused, plaintiff's wife suffered a miscarriage resulting from fright. The same type of injury was sustained in Hendrix v. Texas & P. R. Co., 40 Tex.Civ.App. 291, 89 S.W. 461; Duncan v. Donnell, Tex. Civ.App., 12 S.W.2d 811; and Levine v. Trammell, Tex.Civ.App., 41 S.W.2d 334, writ refused. In St. Louis Southwestern R. Co. of Texas v. Alexander, 106 Tex. 518, 172 S.W. 709, there was evidence that plaintiff's wife suffered a nervous breakdown, that her bodily health was seriously impaired, and that she fell into unconsciousness at the time she was frightened. In St. Louis Southwestern R. Co. v. Murdock, 54 Tex.Civ.App. 249, 116 S.W. 139, writ denied, there was testimony that plaintiff's wife suffered neurathemia and impaired health as a result of her fright. In Texas Utilities Co. v. Dear, Tex.Civ. App., 64 S.W.2d 807, writ dismissed, plaintiff sustained physical injuries at the time she was frightened. In Laney v. Rush, Tex.Civ.App., 152 S.W.2d 491, it was held that damages were recoverable for fright alone against two defendants who had committed a wilful assault by shooting with guns, but that no recovery for fright alone could be had against a third defendant who was charged only with negligence." [189 S.W.2d 44.]

■ Under these authorities, the rule seems to be established that when the cause of action is founded solely upon negligence no recovery can be had from mere fright or mental suffering unattended or followed by some other injury, but that the question as to whether the petitioner has suffered injury as a result of such fright or mental suffering and whether the act or omission is a proximate cause of the injury and whether the injury ought, in the light of all the circumstances, to have been foreseen as a natural and probable consequence thereof, should be left to the determination of the jury. G. C. & S. F. R. Co. v. Hayter, supra.

The Supreme Court of this state has followed the rule announced in the Hayter case in the comparatively recent case of Western Union Telegraph Co. v. Homer, 140 Tex. 193, 166 S.W.2d 684, 686, in which damages were sought for physical and mental suffering alleged to have been sustained by respondent because the Telegraph Company had failed to deliver a telegram addressed to her on time. The court held in its opinion that, in the face of the pleadings, it would not be warranted in saying that, as a matter of law, all of the injuries complained of by petitioner were the result of fear and apprehension, or that the pleadings did not raise questions of fact which should have been passed upon by a jury; "[that] during that interval she suffered 'shock,' mental and physical pain, and worry and her heart was affected. These reactions surely were quite natural * * * and they put her to bed and so affected her that she did not recover immediately * * * but had to remain in bed for several days. Under the jury's findings, these elements of Mrs. Homer's alleged injuries must be treated as realities which were within the contemplation of the parties * * *."

■ Appellant in the instant case has alleged that the emotional upset and shock caused by the accident in question was accompanied by bodily injuries and damages; that, by reason of the effect of her experience, she had been placed under the care of physicians for treatment for a period of many months; that she was unable to return to work for approximately a year after the accident occurred and that, as a result thereof she had suffered brain deterioration.

In the face of these pleadings, under the above authorities this court would not be warranted in holding that, as a matter of law, the injuries and damages claimed

by plaintiff, if they existed, were not the result of the fear and the emotional upset caused by the accident in question.

It follows that the judgment of the trial court must be reversed and the cause remanded in order that these facts may be submitted to the determination of a jury.

Reversed and remanded.