**SUTTON MOTOR COMPANY and M. J. Porter, Appellants,**

v.

**E. R. CRYSEL, Appellee.**

No. 5086.

Court of Civil Appeals of Texas.

Beaumont.

Feb. 9, 1956.

Rehearing Denied April 25, 1956.

Orgain, Bell & Tucker, Beaumont, for appellants.

D. F. Sanders, Beaumont, for appellee.

ANDERSON, Justice.

The appellee, E. R. Crysel, who will also be referred to as plaintiff, sued Sutton Motor Company and M. J. Porter for damages because of personal injuries which he alleges his wife sustained and because of damage done his automobile when, on August 21, 1954, in the city of Beaumont, his automobile, which he was driving, was in collision with a motor vehicle (a light wrecker) which was owned by Sutton Motor Company and was being driven by Porter. On a jury's special-issue verdict, judgment was rendered in favor of plaintiff against defendants, jointly and severally, for the sum of $10,788.45. The defendants have duly perfected their appeal, and have brought forward twelve points of alleged error.

Except for point twelve, which pertains to the argument of counsel, the points all focus, in one way or another, on the nature and extent of the personal injuries to plaintiff's wife. They require determination of whether the law supports recovery for the kind of injuries Mrs. Crysel is claimed to have sustained, of whether the court's charge regarding Mrs. Crysel's injuries and the elements to be considered by the jury in assessing damages because of them was correct, and of whether, assuming compensable injuries to have been shown, the damages awarded because of them are excessive.

The evidence failed to show that as a result of the collision Mrs. Crysel sustained physical injury in the sense of a laceration, contusion, fracture, sprain; or similar damage to what is perhaps commonly thought of as the physical structure of the body. However, there was evidence to show that she was badly frightened by the occurrence at the time and that some four days later—on Wednesday following the Saturday of the collision—she commenced to experience recurring nervous seizures which were accompanied by severe headaches, dizziness, crying spells, irritability, pains in her back, and strange mental sensations that caused her to fear that she was losing her mind. These seizures having continued to recur at frequent intervals for several days, Mrs. Crysel finally, on September 3, 1954, submitted herself to the care of a neurologist and psychiatrist.

She was subsequently placed in a hospital and kept there for a week, and she took medicine over a period of several months. Her condition was diagnosed as a neurotic reaction, a nervous disorder of the reactive-depressive type, and we think the jury was at liberty to conclude from the evidence that such condition was brought about by the fright Mrs. Crysel experienced at the time of the collision. There was evidence to show that the nervous disorder has disabled Mrs. Crysel from performing many of her normal household activities and has caused her to experience both physical and mental pain and distress.

Upon the theory that Mrs. Crysel had not been shown to have suffered a compensable injury, defendants moved for an instructed verdict on that phase of the case and also objected to the submission to the jury of a special issue pertaining to such damages. Both the motion and the objection were overruled, and each of these rulings is now assigned as error.

We think the rulings were correct. It is well established in this jurisdiction that the law will support recovery for physical or bodily injury or illness produced by fear or mental shock, when the fear or shock and the injury or illness are proximate results of negligent conduct on the part of the person sought to be held liable. Hill v. Kimball, 76 Tex. 210, 13 S.W. 59; Gulf C. & S. F. Ry. Co. v. Hayter, 93 Tex. 239, 54 S.W. 944, 47 L.R.A. 325; St. Louis Southwestern Ry. Co. of Texas v. Alexander, 106 Tex. 518, 172 S.W. 709; Houston Electric Co. v. Dorsett, 145 Tex. 95, 194 S.W.2d 546; St. Louis Southwestern Ry. Co. of Texas v. Murdock, 54 Tex.Civ.App. 249, 116 S.W. 139, writ refused; St. Louis S. W. Ry. Co. of Texas v. Mitchell, 25 Tex.Civ.App. 197, 60 S.W. 891, writ refused; Duty v. General Finance Company, Tex., 273 S.W. 2d 64; Bailey v. American General Insurance Company, Tex., 279 S.W.2d 315. It is likewise settled, we think, that a neurosis such as there was evidence to show that Mrs. Crysel has been afflicted with, together with its attendant physical aches and pains, is a physical injury or illness,

within contemplation of law. We take this to be, in substance and in final analysis, the appraisal which, in Bailey v. American General Insurance Company, supra, the Supreme Court itself placed on the cases of Gulf, C. & S. F. Ry. Co. v. Hayter, supra, and Houston Electric Co. v. Dorsett, supra. And in that case—i. e., Bailey v. American General Insurance Company [279 S.W.2d 318]—it was held that a neurosis or nervous disorder which appears to have been very similar to the one the evidence indicates Mrs. Crysel has suffered from amounted to damage or harm to the " 'physical structure of the body' ", within contemplation of our Workmen's Compensation Law, Vernon's Ann.Civ.St. art. 8306, § 1 et seq. It was stated in the course of the opinion that, negligence and proximate cause being presupposed, the condition from which the claimant in that case suffered would have supported a common law action for damages. In the case of St. Louis Southwestern Ry. Co. of Texas v. Alexander, supra [106 Tex. 518, 172 S.W. 710], recovery was permitted where it was shown that the frightened person had fainted and had subsequently suffered from "nervous trouble." It was there said: "It has been definitely settled for this state that damages may be awarded for injuries, mental and physical, when caused by fright. It would be profitless to pursue the subject further." Mrs. Crysel's symptoms embrace virtually the same symptoms as were claimed by the plaintiffs in both the case of Gulf C. & S. F. Ry. Co. v. Hayter, supra, and the case of Houston Electric Co. v. Dorsett, supra, and we think that the evidence was sufficient to require submission to the jury of issues relative to her injuries and the damages thereby caused plaintiff. Appellants' points one and two are therefore overruled.

In response to special issues one and two the jury found that Mrs. Crysel was "injured" in the collision. In submitting the issues the court neither defined nor undertook to define the word "injury" or the word "injured", and refused to give the following definition, which was requested by the defendant: "By the term 'injury' as used in the court's charge, is meant dam-

age or harm to the physical structures of the body. You are further instructed that fright alone does not constitute an injury as that term is used in the court's charge." Refusal to give such definition is assigned as error.

■ Assuming that under the facts of the particular case the trial court should have defined the word "injury" or the word "injured", still no reversible error is presented by its refusal to give the definition the defendants requested, unless that definition was substantially correct. Rule 279, Texas Rules of Civil Procedure; Havens v. Guetersloh, Tex.Civ.App., 255 S.W.2d 233. We feel that the requested definition would not have been a substantially correct guide for the jury in this instance, and accordingly hold that no error was committed by the trial court in refusing to give it. It is calculated to have led the jury to believe that Mrs. Crysel had sustained no injury, within contemplation of law, unless, as a result of the impact, she had suffered direct injury to some part of what is commonly thought of as "the physical structure of the body"—i. e., to either bone or tissue —and, as already pointed out, the law is not so restrictive. Had it been given, the requested definition may well have been more detrimental to plaintiff's rights than the failure to define the term can reasonably have been to defendant's rights. A definition of the term or word, in cases such as this, should make due allowance for nervous disorders and physical and mental ailments resulting from objective fright or mental shock. Appellants' fourth point is overruled.

Three separate damage-issues were submitted to the jury. One of these pertained to automobile damage; one, to medical and hospital expense; and the other, to damages, other than medical and hospital expense, resulting from Mrs. Crysel's personal injuries. The last mentioned issue, special issue No. 28, was as follows:

"What do you find from a preponderance of the evidence to be the sum of money, if any, if paid now in cash, would fairly and reasonably compensate the plaintiff for the injuries, if any, to his wife, Mrs. Doris Crysel, proximately caused (if you have so found) by the negligence, if any, of defendant M. J. Porter on the occasion in question?"

In connection with such issue the jury were instructed that, in arriving at the amount of damages to be assessed, they might consider "only such, if any, of the following items" as had "been established by a preponderance of the evidence to have been proximately caused plaintiff * * * by the negligence, if any, of the defendant," towit: (1) loss, up to trial time, of Mrs. Crysel's "capacity to work and perform household duties"; Mrs. Crysel's diminished capacity to work and to perform her household duties in the future. (2) Physical pain and suffering theretofore experienced by Mrs. Crysel and thereafter to be experienced by her. (3) Mental anguish theretofore suffered, and thereafter to be suffered, by Mrs. Crysel.

The jury, in response to the issue, assessed damages in the amount of $10,375.

The following objections to the charge were made by defendants in writing, were duly presented and were overruled:

"(J) The defendants further object to Special Issue No. 28 and the court's instructions in connection therewith, because the court does not instruct the jury that they cannot award damages for fright alone, unconnected with any physical injury; and the defendants here and now request the court to prepare and submit in writing such instruction to guide the jury in answering Special Issue No. 28."

"(K) Said issue as framed in connection with the court's instruction, is too broad, in that the jury is authorized to award damages for mere fright not connected with any physical injury, and the jury should be properly instructed that fright alone is not an element for which damages can be awarded."

In addition to urging such objections, defendants also prepared and requested the court to submit the following special instructions, each of which was refused:

1. "In connection with Special Issue No. 28 of the court's charge, you are instructed that you cannot take into consideration or award damages for fright alone unaccompanied by any physical injury and not causing or producing any physical injury."

2. "In connection with Special Issue No 28 of the court's charge, you are instructed that you cannot allow any damages arising solely and alone from fright, if any; and that fright alone, not connected with any physical injury, is not an element for which you can award damages."

3. "In connection with Special Issue No. 28 of the court's charge, you are instructed that you cannot allow any damages merely because of fright (if any) which Doris Crysel may have sustained or which she may sustain in the future."

4. "You are instructed in connection with Special Issue No. 28 that you may not take into consideration or award damages arising solely by reason of fear or anxiety, if any, experienced by Doris Crysel by reason of her concern as to the safety of her children."

We recognize the validity of the rule which appellants sought by said objections and requested instructions to have the trial court apply: the rule that there can be no recovery for mere fright which is neither attended nor followed by any other injury. Gulf, C. & S. F. Ry. Co. v. Hayter, 93 Tex. 239, 54 S.W. 944, 945.; Gulf, C. & S. F. Ry. Co. v. Trott, 86 Tex. 412, 25 S.W. 419; St. Louis S. W. Ry. Co. of Texas v. Mitchell, 25 Tex.Civ.App. 197, 60 S.W. 891, writ refused. We also recognize as being well established the rule that where the evidence discloses both compensable and non-compensable elements of damage, and the two are so related that the jury, unless directed not to do so, is liable to assess damages for the non-compensable elements as well as for the compensable ones, the court should not only instruct the jury as to the elements they may properly consider but should affirmatively instruct them that they cannot consider the others. Dallas Ry. & Terminal Co. v. Ec-tor, Tex.Com.App., 131 Tex. 505, 116 S.W. 2d 683, opinion adopted; Morales v. Roddy, Tex.Civ.App., 250 S.W.2d 225; St. Louis, S. F. & T. Ry. Co. v. Houze, Tex.Civ.App., 28 S.W.2d 865. Despite these rules, however, we think the trial court committed no error in overruling the objections to the charge and in refusing the requested instructions.

In so far as the elements of damage properly to be considered by the jury are concerned, and as regards the form of the court's charge relative thereto, there should be no difference, and there is none, so far as we are aware, between a case in which the medium of injury is fright and one in which the medium of injury is physical impact. Such difference as there is between the two types of cases lies in what must be proved before damages are recoverable at all, rather than in the elements for which recovery may be had after the right of recovery is established. In other words, the rule of law which appellants sought to have applied in connection with the damage issue is one by which to test whether a cause of action exists or has been proved, and it has nothing to do with the amount recoverable. The proper manner in which to have applied it would have been by special issues—submitting pertinent questions of fact—designed to ascertain whether there was liability; or, possibly, by a correct definition of the word "injury", submitted in connection with an issue designed to ascertain whether the plaintiff had sustained injury as a proximate result of defendants' negligence.

If the basic, objective fright which Mrs. Crysel experienced could in no event have been properly considered by the jury as an element of damage, then, of course, it would have been proper, and we think necessary in the circumstances, for the court, by explanatory instruction given in connection with the damage issue, to have instructed the jury that they could not assess any damages because of the fright; but we do not understand the law to be that the basic fright is in no event to be considered as an element of damage. On the contrary, we understand the law to be

that, once the requisite consequences of fright are shown, so as to establish a compensable injury, and presupposing negligence and proximate cause, the basic fright does become an element of damage to be considered by the jury, as a part of the mental anguish suffered by the injured party. This is implied in the language in which the primary rule of law with which we are dealing was originally expressed by the Supreme Court in the case of Gulf, C. & S. F. Ry. Co. v. Hayter, supra [93 Tex. 239, 54 S.W. 945], and in which it has been rather consistently stated in many later cases, towit: "There can be no recovery for mere fright neither attended nor followed by any other injury." And we think it is definitely established by the following authorities: San Antonio & A. P. Ry. Co. v. Corley, 87 Tex. 432, 29 S.W. 231; Stuart v. Western Union Tel. Co., 66 Tex. 580, 18 S.W. 351; Gulf C. & S. F. Ry. Co. v. Levy, 59 Tex. 563; Texas & P. Ry. Co. v. Rasmussen, Tex.Civ.App., 181 S.W. 212; Houston & T. C. R. Co. v. McKenzie, Tex.Civ.App., 41 S.W. 831; 15 Am. Jur. 607, Damages, Sec. 189; McCormick on Damages, Sec. 89, p. 321. For example, in the case of Stuart v. Western Union [66 Tex. 580, 18 S.W. 353], it was said: "We find no case, except So Relle [So Relle v. Western Union Tel. Co., 55 Tex. 308] which holds that a party may come into court solely to redress an injury to his feelings. Such injury is not to the name, person, or property; but if to either of these an actionable injury is done, the complaining party may then recover, as actual damages, compensation for the *proximate results of the wrongful act. When injury to the feeling is such result, it forms an element of the actual damage."* In San Antonio & A. P. Ry. Co. v. Corley, 87 Tex. 432, 29 S.W. 231, 232: "The verdict is moderate, considering the injury, *and the state of peril in which the lady was placed, for it is legitimate to consider the fright, alarm, or mental anguish that she might have suffered by reason of her perilous position in which she suffered injury to her person, all of which was caused by the negligence of the defendant."* Physical injury from impact formed the basis of suit in the

case from which this quotation was taken, but we think it obvious that the same rule is applicable in instances where the injury is produced by fright. In 15 Am.Jur. 607, wherein the specific subject matter is dealt with, it is said: "Fright is only one form of mental suffering. Accordingly, as a general rule fright or nervous shock which can reasonably be said to be the proximate result of a negligent or wrongful act, which causes a physical injury to the plaintiff, or the natural and probable consequence thereof, may be considered in awarding damages for the contemporaneous physical injury." And, lastly, we quote from McCormick on Damages, Sec. 89: "These courts [the majority, which now follow the more modern trend] permit recovery *for fright and its consequences,* though defendant's wrong is negligent merely, and though no physical impact or bodily injury to the plaintiff accompanies it." (The emphasis, wherever it appears in the foregoing quotations, has been added.)

Such being the law, and since there was, as we have held, sufficient evidence to require submission of the case to the jury, the plaintiff was entitled, as against the objections and requested instructions now under consideration, to have the explanatory instructions with reference to damages given in the form and manner in which they were given, and without any exception or qualification as regards the basic fright that was experienced by Mrs. Crysel.

█ We have previously pointed out that no reversible error is presented by a trial court's refusal of requested definitions or explanatory instructions that are not substantially correct, and we should be disposed, on this basis alone, to overrule such of appellants' points as complain of the refusal of the requested instructions that are under consideration; because we think that, in order to have been correct, the instructions would also have had to contain the converse of the respective propositions contained in them—i. e., would have had to instruct the jury regarding the circumstances under which they might assess dam-

ages for the basic fright and its consequences. However, it appears to be established that, since the court gave some explanatory instructions in connection with the damage issue, a proper objection pointing out the failure of such instructions to exclude fright from the jury's consideration would have been sufficient to preserve the point, had it been incumbent on the court to give such an instruction. Rule 274, T.R.C.P.; Yellow Cab & Baggage Company v. Green, Tex., 277 S.W.2d 92; Texas Employers' Ins. Ass'n v. Mallard, 143 Tex. 77, 182 S.W.2d 1000. For this reason, and since we think defendants' objections were sufficient in this instance to point out the supposed error, we would make it clear that our holding—i. e., that the trial court committed no error in refusing the requested instructions and in failing to give, in connection with the damage issue, some similar but adequate instruction—is based, not upon the deficiencies in the requested instructions, but upon the proposition that no instruction regarding the matter was called for in connection with the damage issue.

For the reasons indicated, we overrule appellants' points three, five, six, and seven. However, before finally quitting the subject, we suggest, in added support of our holding, that it would likely prove to be exceedingly difficult, if not impossible, to give, in connection with the damage issue, a correct and sufficiently comprehensive application of the basic law involved, without, at the same time, running afoul of the rule against general charges in connection with special-issue submissions, the rule against charging on the weight of the evidence, or some kindred rule.

Upon the theory that there was no evidence to show diminution of Mrs. Crysel's capacity to work and perform her household duties in the future or that in reasonable probability Mrs. Crysel would experience either physical pain or mental anguish in the future, the defendants objected to those portions of the court's charge which authorized the jury to take these elements of damage into consideration. The objections were overruled, and those rulings are respectively assigned as error.

■ We have carefully considered the evidence and have concluded that it was sufficient to require the giving of the instructions that are complained of. Appellants' points eight through ten are accordingly overruled. Partly because the case is to be reversed on another ground, and partly because we can see no good reason for burdening this opinion with it, we forego setting out the evidence on which our conclusions are based

■ By their eleventh point, appellants complain that the damages which plaintiff recovered because of Mrs. Crysel's personal injuries—i. e., the sum of $10,375 the jury assessed in response to special issue No. 28—are excessive and without support in the evidence. The point is overruled. The award is no doubt on the liberal side, but, the evidence as a whole considered in the light of the applicable rules of law, we do not feel called upon to hold that the jury abused their discretion in assessing the amount they did. Once again, in view of the disposition that is to be made of the case, we see no point in detailing and analyzing the evidence which bears on the matter.

In his closing argument, Mr. Sanders, one of plaintiff's attorneys, addressed the following remarks to the jury:

"Now, gentlemen, if this was a suit on a fire insurance contract, to recover proceeds of a policy and it was proved that that house was worth $25,000, there is nobody on this jury that would hesitate in awarding a verdict for $25,000. Now, gentlemen, are you going to say that property rights are more sacred than human rights? I say to you again, gentlemen, we have shown and we have proved by the evidence that this young lady has been damaged far in excess of $25,000."

Appellants, by their twelfth point, assign as error the failure of the trial court to

grant them a new trial because of said argument. In their motion they set up, for the first time, that the argument constituted error because it improperly injected into the trial the matter of insurance.

We think the argument strongly intimated or impliedly suggested not only that the defendants were to some extent insured against loss from plaintiff's suit but that they were insured to the extent of $25,000. We therefore hold that under the established rule in this state it constituted error. See: Kuntz v. Spence, Tex. Com.App., 67 S.W.2d 254; Southland Greyhound Lines v. Cotton, Tex.Com.App., 126 Tex. 596, 91 S.W.2d 326, 330, opinion adopted; Continental Oil Co. v. Barnes, Tex.Civ.App., 97 S.W.2d 494, writ refused; Hurley v. McMillan, Tex.Civ.App., 268 S. W.2d 229; Ulmer v. Mackey, Tex.Civ.App., 242 S.W.2d 679. We are furthermore of the opinion that it constituted reversible error. That the improper injection of the matter of insurance into a case of this kind is an error which is reasonably calculated to cause the rendition of an improper verdict and judgment is not an open question, and it is even doubtful that the decided cases leave us at liberty in this instance to question whether the improper argument did in fact probably cause such a verdict and judgment. For example, in Kuntz v. Spence, supra [67 S.W.2d 256], it was said: "Furthermore, it is certainly very important to the insurance company that it be not sued with the insured. *In this respect we judicially know that juries are much more apt to return a verdict for the injured party, and for a larger amount, if they know the loss is to ultimately fall on an insurance company.*" (Emphasis supplied.) And, as the cases cited above will reflect, prior to adoption of Rules 434 and 503, T.R.C.P., the error was consistently held to require the declaration of a mistrial, on motion therefor, and to require reversal if a motion for mistrial was overruled. Two of the cases, Ulmer v. Mackey and Hurley v. McMillan, were decided after Rules 434 and 503 became effective, and

their silence regarding them would indicate that the courts by whom those cases were decided were of the opinion that neither of the rules altered the pre-existing law on the subject. While we have no doubt that the rules must be given application, we are somewhat at a loss to know whether prejudice to the defendant must be conclusively presumed in the circumstances. Be this as it may, however, the record as a whole considered, we are of the opinion that the argument probably did influence the jury to defendants' prejudice. The evidence, while sufficient to support the jury's findings, by no means compelled a finding that Mrs. Crysel's neurosis was a proximate result of the fright she experienced at the time of the collision; and, as we have already stated, the damages which were assessed because of personal injuries were definitely on the liberal side. These considerations, and particularly the fact that unliquidated damages were involved, serve to distinguish this case from Lumbermen's Lloyds v. Loper, Tex., 269 S.W.2d 367, and to more nearly bring it within the orbit of Houseman v. Decuir, Tex., 283 S. W.2d 732.

If we were disposed to hold, as appellee urges we should, that it is commonly known that because of prevailing laws most automobile owners now have public-liability-insurance coverage and that jurors must be presumed to take for granted that such coverage exists in favor of any given defendant, and that for this reason a suggestion of the existence of such insurance should no longer be held to be reversible error, we think we should still be unable to presume that jurors may be assumed also to know the amount of coverage a particular defendant has. And, as we have already stated, we think the argument in this instance was calculated to suggest that the defendants were insured to at least the extent of $25,000.

Appellee urges that by failing to object to the argument and move for a mistrial at the time the argument was made,

the defendants waived the error. We are unable to agree that this is so. We think that any curative measures that might have been attempted, by either the court or counsel for plaintiff, could only have served to accentuate and magnify the prejudicial effects of the argument. In such circumstances, the rule is that the error is not waived by a failure to object and move for a mistrial at the time, and the argument may be complained or for the first time by motion for a new trial. Ramirez v. Acker, 134 Tex. 647, 138 S.W.2d 1054, 1055; Texas & N. O. R. Co. v. Sturgeon, 142 Tex. 222, 177 S.W.2d 264; Wade v. Texas Employers' Ins. Ass'n, 150 Tex. 557, 244 S.W. 2d 197, 200. The appellee has cited a number of cases in which error regarding the injection of insurance into the trial was held to have been waived by failure to object and move for a mistrial at the time of the occurrence, but none of these involved the argument of counsel. The error was either committed while evidence was being introduced or at some earlier stage of the case. We have no doubt that the matter must be tested by the rules governing argument of counsel, and are therefore of the opinion that the cases cited by appellee are not in point.

In view of our holding that the error was of the "incurable" type, we quote the following from Wade v. Texas Employers' Ins. Ass'n, supra, in aid of our conclusion that the argument constituted reversible error: "If the argument was not of the 'curable' type, *not only would it be presumably prejudicial in its effect on the jury,* but also it would justify the aggrieved party both in forbearing to object at any stage of the trial and in withdrawing any request he may have made for a 'curative' instruction (as respondent did in the instant case.)" (Emphasis supplied.)

The judgment of the trial court is reversed and the cause is remanded for a new trial.