## J. B. ROSS v. J. M. WILLIAMS.

### No. 3084.

78 371
d91 309

1. **Appeal from Justice Court—Bond.**—Upon the trial of the right of property in a Justice Court, when the defendant recovers, the proper judgment is that the plaintiff take nothing by his suit and that the defendant recover costs. An appeal bond by the losing plaintiff is sufficient when in double the amount of the costs.

2. **Same.** — Where the judgment entry declared that the defendant recover the property in controversy, the right of appeal is not made more onerous than if the judgment entry had been properly made. It was error to dismiss an appeal because the appeal bond was not in double the value of the property and of the costs when the bond exceeded double the amount of the judgment for the costs.

APPEAL from Shelby. Tried below before Hon. James I. Perkins. The opinion gives a statement.

*Tom C. Davis* and *James C. Luckey,* for appellant.—The judgment rendered in the Justice Court was in effect a judgment for costs, and an appeal bond for double the amount of the cost was all that was required. Rev. Stats., arts. 1639, 4836, 4843; Owen v. Levy, 1 Ct. App. C. C., sec. 409.

*E. B. Wheeler* and *Field & Oliver,* for appellee.—The judgment in the Justice Court was not simply a judgment for cost, but a judgment for the property in suit, and the appeal bond should have been in double the amount of property claimed, as valued by the sheriff, or the debt sued for.

HENRY, ASSOCIATE JUSTICE.— This cause was begun in a Justice Court. The appellant sued out a distress warrant against one Mitchell, which was levied upon some corn and cotton. The appellee claimed the property, and made affidavit and gave bond for the trial of the right of property. The property was valued by the officer who seized it at $195.

Judgment was rendered in the Justice Court "that defendant J. M. Williams recover of the plaintiff the property in controversy, that is, 1070 pounds of lint cotton and 100 bushels of corn, and all costs of suit."

The record shows that the costs amounted to $2.10. The plaintiff appealed to the District Court, and gave an appeal bond in the sum of $300. In the District Court a motion was made and prevailed to dismiss the

appeal on the ground that the appeal bond was not for double the amount of the judgment appealed from.

We think that there was error in this ruling. The effect of the judgment was that plaintiff take nothing by his suit and pay the costs. A bond in double the amount of the costs would have been sufficient.

The fact that the judgment was made to read that the defendant recover the property in controversy, naming it, instead of being entered in the usual form where the plaintiff fails of a recovery, can not be made to defeat any substantial right of the plaintiff. The judgment left the defendant in possession of the property, and he did not need a bond to protect him.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Delivered November 7, 1890.