## J. J. CROSBY v. T. B. CROSBY.

### No. 752. Decided February 9, 1899.

**Appeal—Jurisdiction—Amount in Controversy—Counterclaim.**

In determining the amount in controversy giving the Court of Civil Appeals jurisdiction over a case commenced in justice court, the aggregate of plaintiff's demand and of a counterclaim pleaded by defendant, though the latter also denies plaintiff's claim, can not be considered, but one of the demands, separately considered, must exceed one hundred dollars.

QUESTIONS CERTIFIED from the Court of Civil Appeals for the Fifth District, in an appeal from Dallas County.

*Barry Miller* and *H. E. J. McDermott*, for appellant.—When an appeal is erroneously dismissed by the county court in which the amount involved is over $20, an appeal will lie to the Court of Civil Appeals. Pevito v. Rodgers, 52 Texas, 581.

*W. T. Henry*, for appellee.—If the claims of plaintiff and defendant were independent demands, and the defendant not only denied a right in plaintiff to recover anything whatever, but also sought affirmatively a judgment upon his own demand against plaintiff, we understand that there might possibly be a different issue to be considered; but the Court of Civil Appeals in certifying "the very question to be decided" (Bank v. Templetin, 39 Southwestern Reporter, 914) have not presented that question, nor do we understand it to be involved in this case. We think the case of Dalby v. Murphy, 25 Texas, 355, is analogous to this case, and an authority for the position of appellee. We also cite as authority Boudon v. Gilbert, 67 Texas, 691; Pickett v. Edwards, 25 S. W. Rep., 33.

GAINES, CHIEF JUSTICE.—The Court of Civil Appeals for the Fifth Supreme Judicial District have certified to this court the following statement and question: "Appellee sued appellant in the Justice Court upon a demand for $83.18. The appellant pleaded a counterclaim for $48.00 in offset to the appellee's demand. In the Justice Court appellee recovered judgment for $59.93 against appellant. The case was appealed to the County Court by this appellant, and the appeal was there dismissed. From the judgment of dismissal an appeal has been perfected to this court. Motion is here made by appellee to dismiss this appeal upon the ground that neither the judgment nor the amount in controversy exceeds $100, exclusive of interest and costs.

"Question.—In determining the amount in controversy necessary to give this court jurisdiction, under section 6, article 5, Constitution, and Revised Statutes, article 996, should the amount of the plaintiff's demand and the amount of the defendant's counterclaim be considered in the aggregate; or must one of the demands, separately considered, be sufficient in amount to give this court jurisdiction?"

If we are to construe the statement as meaning that the appellant did not deny that the appellee's demand was originally just and merely urged in defense that he was entitled to a setoff of $48, it is quite clear to us that the aggregate of the two claims should not determine the question of jurisdiction. The extreme limits of the recovery, disregarding the interest, would be $83.13 on the one hand and $35.15 on the other. It is evident in such a case that "the amount in controversy" does not "exceed $100 exclusive of interest and costs." Rev. Stats., art. 996.

But even had the defendant in the Justice Court denied any liability whatever upon plaintiff's demand, and had he set up as a counterclaim his own demand for $48, still we think the two demands could not be added together to make up an amount in excess of $100 so as to give the Court of Civil Appeals jurisdiction. Where there is a cross-action in the nature of a counterclaim or plea in reconvention, there are two cases which are triable together; and we understand the rule to be that in order to give an appellate court jurisdiction over the matter, where such jurisdiction depends upon the amount in controversy, either the plaintiff's demand or that of defendant must of itself reach the jurisdictional sum. Nagle v. Rutledge, 100 U. S., 675.

We answer the question in the first form in the negative, and in the second in the affirmative.