## D. L. WALKER v. L. A. DE VILLENEUVE.

### Decided March 4, 1910.

**1.—Appeal—Jurisdiction—Amount in Controversy.**

A Court of Civil Appeals has no jurisdiction of an appeal from a County Court in a case originating in the Justice Court wherein the amount sued for is $100.

**2.—Same.**

Where the jurisdiction of the Court of Civil Appeals depends upon the amount in controversy it is not permissible in determining the amount in controversy to add together the amount sued for by the plaintiff and the amount sued for by the defendant by plea in reconvention. Either the plaintiff's demand or that of the defendant must in and of itself reach the jurisdictional sum.

Appeal from the County Court of Jefferson County. Tried below before Hon. Jas. A. Harrison.

*Thos. N. Hill,* for appellant.

No brief for appellee.

PLEASANTS, CHIEF JUSTICE.—This suit was brought by appellee in the Justice Court of precinct No. 1 of Jefferson County to recover the value of a moving-picture machine, alleged to have been converted by the defendant and his partner in the moving-picture show business. The value of the machine is alleged to be $100, and plaintiff prays for the recovery of that amount. An attachment was issued from the Justice Court upon application of plaintiff, and was levied upon property of appellant.

Appellant's answer filed in the Justice Court, in addition to a general denial and other pleas, contains a plea in reconvention by which he asks to recover damages from plaintiff in the sum of $50 caused by the alleged wrongful suing out and levying of the attachment.

The trial in the Justice Court resulted in a judgment in favor of plaintiff for the sum of $50, and upon appeal by the defendant to the County Court and a trial *de novo* therein, a like judgment was rendered.

This court has no jurisdiction of causes of which the County Court has appellate jurisdiction unless the "amount in controversy or the judgment rendered exceeds $100 exclusive of interest and costs." Article 996, Sayles' Civil Statutes. In determining the amount in controversy it is not permissible to add to the amount claimed by plaintiff that sought to be recovered by the defendant by cross-action or by plea in reconvention. In order to give the appellate court jurisdiction, where such jurisdiction depends upon the amount in controversy, either the plaintiff's demand or that of the defendant must itself reach the jurisdictional sum. Crosby v. Crosby, 92 Texas, 441; Tucker v. Williams, 56 S. W., 585.

Neither the demand of plaintiff nor that of the defendant in this case being in excess of $100, this court is without jurisdiction to hear and determine the appeal, and it is therefore dismissed.

*Dismissed.*