WELLS-FARGO & COMPANY v. J. B. BURFORD ET AL.

Decided March 16, 1910.

**1.—Jurisdiction—Amount in Controversy.**

Items in plaintiff's claim which on the face of the pleadings could form no proper basis for suit (attorney's fees and traveling expenses where such were not elements of damage) should not be considered in determining the amount in controversy.

**2.—Same—Reconvention.**

The amount claimed by defendant in reconvention can not be added to that sued for by plaintiff to make the amount in controversy such as to give the court jurisdiction on appeal.

Appeal from the County Court of Falls County. Tried below before Hon. W. E. Hunnicutt.

*E. W. Bounds,* for appellant.

*N. J. Lewellyn* and *Spivey, Bartlett & Carter,* for appellee

JENKINS, Associate Justice.—W. H. Kiblinger & Company shipped an automobile to appellee, Dr. J. B. Burford, at Rosebud, Texas, which appellee refused to receive. He brought suit against Kiblinger & Company for $250, and levied an attachment on said automobile, the same being in possession of the Wells-Fargo Express Company and held for express charges, amounting to $68.87. This suit was afterwards settled by the parties, and has no further connection with the two suits involved in this appeal, and is here referred to to explain the suit of the express company against the sheriff.

On July 3, 1908, the express company brought suit in Justice's Court, precinct No. 1 of Falls County against the sheriff of said county, to recover express charges on said automobile, the same having been taken from the possession of the express company by said sheriff on the writ of attachment above referred to. In this suit the express company recovered judgment against the sheriff for its charges, $68.87, and interest thereon. This suit was appealed to the County Court of Falls County.

On August 10, 1908, J. B. Burford brought suit against the express company in precinct No. 8, Falls County, for $99, damages to said automobile in shipment of the same, Burford having accepted said automobile from Kiblinger & Co.

The express company plead in reconvention against Burford and against the sheriff its charges on said automobile and for $35 attorney's fees and $10 traveling expenses in attempting to collect said express charges. No attempt was made to foreclose on said automobile for its charges; on the contrary, it alleged that it had been deprived of its lien on said automobile by reason of the same having been forcibly taken from its possession. Upon trial of ·this case in the Justice's Court, Burford obtained judgment against the express company for the damages claimed by him, $99. From this judgment the express company appealed to the County Court of Falls County.

In the County Court these two cases were, by agreement, consolidated and submitted to the court without the intervention of a jury. The County Court found in each case as did the Justice Courts, and offsetting the judgment for Burford for $99 with the judgment for the express company· for $75.06, its charges with interest, rendered judgment over in favor of Burford against the express company for the balance, $23.94. From this judgment the express company has appealed.

Appellee moves to dismiss this appeal for the reason that the amount in controversy is not sufficient to give this court jurisdiction. We think the contention of the appellee is sound.

It is true that the express company in its plea in reconvention asks judgment for $117.78, but two of these items, amounting to $45, are for attorney's fees and traveling expenses. No exemplary damages are claimed. For these two items it is clear that the express company had no right to sue; and, deducting these from the $117.78, the amount

in controversy is less than $100. Where it appears on the face of the pleadings that a portion of the items sued for could form no proper basis for suit, they should not be considered in determining the amount in controversy. (Franklin Ins. Co. v. Blackwell, 87 S. W., 361; W. U. Tel. Co. v. Arnold, 97 Texas, 365, 79 S. W., 8; Moore v. Snell, 88 S. W., 270; Conner v. Sewell, 90 Texas, 275, 38 S. W., 35; Carswell v. Habberzettle, 99 Texas, 1, 86 S. W., 738; Texas & P. Ry. Co. v. Butler, 86 S. W., 800; St. Louis S. W. Ry. Co. v. Hill, 97 Texas, 506, 80 S. W., 368.)

The suit by Burford against the express company was for $99, and the express company sued in reconvention, exclusive of interest, attorney's fees and traveling expenses, for $68.78, but these two amounts can not be added together to determine the amount in controversy in this suit (Crosby v. Crosby, 92 Texas, 441, 49 S. W., 359; Tucker v. Williams, 56 S. W., 585; Keil v. Campbell, 63 S. W., 659.)

The motion is sustained and the appeal is dismissed at the cost of appellant.

*Dismissed.*