## T. J. JACKSON v. J. T. PERSONS.

Decided May 11, 1910.

**1.—Appeal—Amount in Controversy.**

In determining whether the amount in controversy is sufficient to sustain an appeal from the County Court, it is not permissible to add to the claim

of plaintiff the amount of a counter claim pleaded by defendant. Either plaintiff's claim, or defendant's, must, by itself, exceed one hundred dollars.

**2.—Same—Pleading.**

The amount in controversy is limited to such sum as the allegations show the pleader to be entitled to recover, though he lays his damages at a greater amount.

Appeal from the County Court of Coleman County. Tried below before Hon. T. J. White.

*E. M. Critz* and *Snodgrass & Dibrell*, for appellant.

*Woodward & Baker*, for appellee.

KEY, CHIEF JUSTICE.—This case has been submitted subject to a motion by appellee to dismiss the appeal. Appellee instituted the suit in a justice of the peace court, seeking a judgment for $95. After trial in that court the case was appealed to the County Court, where it was tried upon plaintiff's demand and upon cross-action or counter-claim set up by the defendant. The plaintiff's claim was based upon his alleged right to the rent for a certain tract of land, for the year 1906. In his counter-claim the defendant alleged that on the 27th day of December, 1906, the plaintiff and his wife executed a deed of conveyance, by which they sold and conveyed to the defendant the tract of land referred to. Among other things that plea alleged: "That at the time of the execution and delivery of said deed as aforesaid, there was a growing and standing crop on said premises ungathered, and a part thereof, which said cotton was cultivated and grown on said premises by one Hugh Smith, who was during the year 1906, a tenant on said premises, renting the same from plaintiff at an agreed rental of one-fourth of the cotton and cotton-seed to be raised thereon. That by reason of the premises and the sale of said land as aforesaid, the said Hugh Smith became the tenant of this defendant, and the said defendant became the owner of said one-fourth interest undivided in said cotton crop on said premises, and was entitled to the possession and proceeds of the same. That thereafter, and between the 28th day of December, 1906, and the 16th day of January, 1907, the plaintiff wrongfully and unlawfully, and without the consent of this defendant took possession of, and converted to his own use said cotton on said premises, and sold the same and appropriated the same, to his own use to the amount of one hundred and seventy-five dollars, which was the sum said cotton and cotton-seed so converted by plaintiff sold for in the market, that same being the reasonable market value thereof at the time of said conversion. Defendant says he is unable to state the exact amount of cotton and seed so converted by plaintiff, but avers that the same was about four bales, averaging 500 pounds per bale, and all the seed therefrom. That said cotton so appropriated was grown on said premises, and was thereon unsevered from the stalk at the time of said sale thereof as aforesaid. Defendant further says, that the said cotton alleged by plaintiff to have been converted by this defendant, was

grown on said premises and was gathered therefrom after the 16th day of January, 1907. Wherefore, in consideration of the premises, defendant T. J. Jackson prays the court that plaintiff take nothing by reason of this suit, but that defendant have judgment against said plaintiff J. T. Person, for the said sum of one hundred and seventy-five dollars and for all costs of this suit."

It will be observed that this plea shows on its face that the defendant had only a one-fourth interest in the cotton alleged to have been converted by the plaintiff. The plea alleges that the plaintiff converted about four bales of cotton and seed located on the premises, of the value of $175; but, according to previous allegations, the defendant was not the sole owner of the entire four bales, but owned merely an undivided one-fourth interest. Therefore, it is quite clear that if the facts alleged in the plea be admitted as true, the defendant was not entitled to recover $175, the value of the cotton; but could only recover one-fourth that sum, which would be $43.75. The case having been appealed from the Justice Court to the County Court, this court has no jurisdiction unless the judgment, or the amount in controversy, exceeds $100, exclusive of interest and costs. In the County Court judgment was rendered for the plaintiff for $87.50 and against the defendant upon his counter-claim, and this court has no jurisdiction, unless the plaintiff's demand and the defendant's counter-claim can be considered together in determining the amount in controversy. The reverse of that proposition was decided by the Supreme Court in Crosby v. Crosby, 92 Texas, 441, where it was held: "In determining the amount in controversy giving the Court of Civil Appeals jurisdiction over a case commenced in Justice Court, the aggregate of plaintiff's demand and of a counter-claim pleaded by defendant, though the latter also denies plaintiff's claim, can not be considered, but one of the demands, separately considered, must exceed one hundred dollars." That the counter-claim did not put in issue but $43.75 see Western U. Tel. Co. v. Arnold, 97 Texas, 365, 79 S. W., 8.

Hence, we conclude that this court has no jurisdiction to entertain this appeal, and the motion to dismiss is sustained.

Appeal dismissed.

*Dismissed.*