This phraseology, in giving this part of the charge on alibi, was approved in Walker v. State, 6 Tex. App. 577, and Gallaher v. State, 28 Tex. App. 247, 12 S. W. 1087, and the same proposition asserted in an opinion by Judge Ramsey in Colbert v. State, supra. We think the charge was sufficient and called for by the facts.

The judgment is reversed, and the cause remanded.

---

DUNN v. WILKERSON et al.    (No. 6016.)

(Court of Civil Appeals of Texas. San Antonio. April 10, 1918.)

1. COURTS ⚌247(11)—APPELLATE JURISDICTION—AMOUNT IN CONTROVERSY.

Where plaintiff, in an action for conversion of personal property, asked for $100 for mental anguish, but did not allege injury to person, and hence was not, on face of pleading, entitled to damages for mental anguish, the $100 will not be considered in determining amount in controversy, for purpose of appeal to Court of Civil Appeals.

2. DAMAGES ⚌49 — CONVERSION — MENTAL ANGUISH.

In an action for conversion of personal property, where no injury to person is alleged, plaintiff can recover no damages for mental anguish.

3. COURTS ⚌247(11)—APPELLATE JURISDICTION—AMOUNT IN CONTROVERSY—ADDITION OF INTEREST.

Where plaintiff in justice court could not have added interest without exceeding the jurisdiction of the justice court, she cannot amend in the county court by claiming interest, so as to bring the amount in controversy within the appellate jurisdiction of the Court of Civil Appeals.

Appeal from Nueces County Court; David M. Picton, Jr., Judge.

Action by Mrs. J. L. Dunn against A. E. Wilkerson and another. Judgment for defendants, and plaintiff appeals. Appeal dismissed.

Suttle & Todd and I. A. Hunt, all of Corpus Christi, for appellant. Pope & Sutherland, of Corpus Christi, for appellees.

FLY, C. J. This is a suit for conversion of certain personal property, instituted by appellant against A. E. Wilkerson and Thad Wilkerson in the justice's court, the value of the goods being placed at $38.30. She obtained judgment for $19 in the justice's court, and appellees appealed to the county court, where appellant filed a pleading claiming $19.75 actual damages, $100 for mental

anguish, and $50 exemplary damages. A jury returned a verdict in favor of appellees, upon which the judgment was rendered, and an appeal has been perfected to this court.

The evidence shows that appellant is the mother of Mrs. A. E. Wilkerson, and was invited by her and her husband to make her home with them, which she did. Dissatisfaction was caused by the conduct and conversation of this pensioner upon their bounties, which she admitted arose from what she said many times to them about their mode of living. She testified that she objected to their attendance on dances and other places, where she thought her daughter should not go. She said:

"I remonstrated quite a good deal with both of them about living unchristian lives."

She further stated that A. E. Wilkerson became "considerably worked up about my talking to his wife about the way they lived." He at last told her she would have to leave. She did not leave, and an injunction was obtained by A. E. Wilkerson, as she said, "to put me off the place." The sheriff, with his writ of injunction, failed to get her off, and at last accounts she was still holding her place in the house of A. E. Wilkerson. The latter swore that her conduct became so unbearable he tried to get her to leave, and she agreed to have her personal property put over the fence on a neighbor's land, where, as she said, "she would fight the devil over the fence the same as she had fought him in the house." Wilkerson did not want to have her doing her fighting so close to his house, and he took her personal property to the railroad station and shipped it to her other daughter, who lived at Comstock, Tex., and gave a railroad agent $20 to pay her fare to Comstock, but she refused to go. Wilkerson said:

"I did get out an injunction, and had the sheriff to come out; but he did not move her. She is there yet, and won't move."

[1] Appellant amended her pleadings in the county court so as to sue for $100 damages for "mental anguish, mortification, and humiliation suffered by plaintiff by reason of the seizure, conversion, and wrongful withholding from plaintiff of said property by defendants." Appellant has no right to recover in a suit of this character for damages arising from mental anguish, and, as said in Wells Fargo Co. v. Burford, 59 Tex. Civ. App. 645, 126 S. W. 927:

"Where it appears on the face of the pleadings that a portion of the items sued for could form no proper basis for suit, they should not be considered in determining the amount in controversy."

The decision in that case is fully sustained by Texas authorities cited therein. In the case of Carswell v. Habberzettle, 99 Tex. 1, 86 S. W. 738, 122 Am. St. Rep. 597, the court, speaking on the subject, said:

---

"It is now the settled law in this court that, although the amount claimed in the petition may be sufficient to give the court jurisdiction of the case, yet if the facts alleged be such as to show no cause of action, as to such part of the whole sum sued for, as to reduce it below the amount for which the court has jurisdiction, the suit should be dismissed."

[2] It is not claimed that appellant was injured in her person in connection with the conversion of her property, and, as said in a quotation approved by the Supreme Court in Railway v. Trott, 86 Tex. 412, 25 S. W. 419, 40 Am. St. Rep. 866:

"In no case has it ever been held that mental anguish alone, unaccompanied by an injury to the person, afforded a ground of action."

This ruling has been approved in a number of decisions, among the number Railway v. Corley, 87 Tex. 432, 29 S. W. 231, and Railway v. Hayter, 93 Tex. 241, 54 S. W. 944, 47 L. R. A. 325, 77 Am. St. Rep. 856. The rule has been relaxed or modified in cases of failure to deliver messages by telegraph companies, and in slander and libel cases, and perhaps others; but in no case where a plaintiff has been deprived of the possession and use of property, unaccompanied by violence to the person of the owner, have actual damages been allowed for mental anguish or injury to the feelings. Williams v. Yoe, 19 Tex. Civ. App. 281, 46 S. W. 660. Damages for mental anguish can therefore form no part of the measure of damages in a case of conversion of property, and, if the $100 is deducted from the $199.75 sued for in the county court, it leaves only $99.75, of which amount this court has no jurisdiction.

[3] Appellant did not sue for interest, because she would have gone beyond the jurisdiction of the justice's court by her amendment in the county court, which she could not do. The amendment in the county court spoke from the date of the suit in the justice's court, and if there had been added any interest, or if the suit carried with it interest, the amount would have been over $200, and the jurisdiction of the court would have been ousted. Railway v. Crenshaw, 51 Tex. Civ. App. 198, 112 S. W. 117. It follows that the whole amount that could be claimed by appellant was $99.75, and the cause could not legally be appealed to this court.

The appeal is dismissed for want of jurisdiction.