## MARTINEZ v. VIOLA. (No. 7419.)

(Court of Civil Appeals of Texas. San Antonio. Oct. 28, 1925.)

**1. Appeal and error ⚖➡516—Book in Spanish, without translation into English, has no place in record.**

Book in Spanish language, without a translation into English, has no place in record.

**2. Justices of the peace ⚖➡45—Offset of less than $100 held within jurisdiction of justice's court.**

Offset of defendant of less than $100 after deducting his indebtedness to plaintiff *held* clearly within jurisdiction of the justice's court.

**3. Courts ⚖➡247(11)—To give Court of Civil Appeals jurisdiction of case commenced in justice's court, party's demand, separately considered, must exceed $100.**

To give the Court of Civil Appeals jurisdiction within Rev. St. art. 2078, of a case, commenced in the justice's court and appealed to county court, the demand of one of the parties, separately considered, must exceed $100, the aggregate of plaintiff's demand and of a counterclaim pleaded by defendant, not determining jurisdiction, notwithstanding such aggregate exceeds $100.

Appeal from Bexar County Court for Civil Cases; McCollum Burnett, Judge.

Action by Pascual Martinez against P. Viola, who interposed a cross-action. Judgment for defendant, and plaintiff appeals. Appeal dismissed.

G. Woodson Morris, of San Antonio, for appellant.

Chambers & Johnson, of San Antonio, for appellee.

FLY, C. J. This suit originated in the justice's court, being instituted by appellant on a verified account for $98.80, and this appeal involves the sum of $60, for which judgment was rendered in the county court in favor of appellee on a cross-action. There are 11 as-

signments of error with 14 propositions thereunder.

Appellant sued appellee for $98.80, as evidenced by accounts couched in the Spanish language with no English translations, and parts of the statement of facts is in the Spanish language, and accompanying the statement of facts is a paper bound book, of 145 pages, also in Spanish, which is denominated "El Secretario General Mexicano," issued by "Libreria El Centro Comercial." The book is doubtless very interesting, as the back is decorated by a gay and festive Romeo on horseback wooing a lovely, receptive Juliet on a latticed balcony. The book seems to be a model letter writer, four parts devoted to complète instructions in letter writing for all business and social purposes, called "El Libro para todo," the "book for all," and the fifth part, of 73 pages, dedicated to lovers, "Los Enamorados." The record states that appellee "offered and read in evidence" the book mentioned, and on it he based his cross-action; and if read in Spanish it must have been to the edification of a court, which, if understood by bench and jury, proclaims them far above the average Texas court in erudition and learning; but if it was translated into English, this court, which is conducted in the plain, common language of our country, should have been favored with the translation.

[1] The book should have no place in this record. A description of the style and object could have been given in a few appropriate, terse English sentences, and the object attained of indicating on what appellee based his claim against appellant. Appellee claimed that appellant employed him to print 1,600 copies of "El Secretario General Mexicano" for him, and agreed to pay him 16 cents for each copy, amounting in the aggregate to $240. He admitted receiving $175 from appellant, which left $65 unpaid. The court allowed him $60. The court found that appellant received and accepted 207 copies of the book, and appellee received in goods and cash from appellant the sum of $146.88; that the remaining 1,293 were tendered, but not received by appellant, and their printing was of the value of $206.88. Deducting the $146.88 due by appellee from that sum left $60 due appellee, for which judgment was rendered.

[2] Appellee's cross-action was for $85, the balance claimed by him after deducting his admitted indebtedness to appellant. The offset was clearly within the jurisdiction of the justice's court. Ft. Smith Couch Co. v. George (Tex. Civ. App.) 222 S. W. 335.

[3] Appellant properly insists that in determining jurisdiction as to the amount involved the demand as set forth in the petition must be considered. In this instance appellant claimed $98.80. He was entitled to an appeal from an adverse judgment under

---

⚖➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

his allegation of indebtedness of $98.80 to the county court, but when he reached that court he had reached the court of last resort on his claim, and, his claim being for a sum of less than $100, this court has no jurisdiction. Rev. Stats. art. 2078. If the counterclaim of appellee had been for more than $100 the amount in controversy would have been more than $100, and this court would have jurisdiction, but appellee sought to recover only $85, and in determining the amount in controversy, giving the Court of Appeals jurisdiction over a case commenced in a justice's court, the aggregate of plaintiff's demand and of a counterclaim pleaded by defendant, though the latter also denies plaintiff's claim, cannot be considered, but one of the demands, separately considered, must exceed $100. Crosby v. Crosby, 92 Tex. 441, 49 S. W. 359; Walker v. De Villeneuve, 59 Tex. Civ. App. 476, 126 S. W. 281; Wells Fargo v. Burford, 59 Tex. Civ. App. 645, 126 S. W. 927; Jackson v. Persons, 61 Tex. Civ. App. 97, 129 S. W. 639.

The appeal is dismissed for want of jurisdiction.