## WILSON v. NEW ORLEANS, T. & M. RY. CO. et al.   (No. 1574.)

Court of Civil Appeals of Texas. Beaumont. July 14, 1927.

Rehearing Denied Sept. 21, 1927.

**1. Appeal and error ⊜65—Answer alleging defendant was entitled to recover $125 for breach of contract held not to state cause of action as against contention appellate court lacked jurisdiction because jurisdictional amount was not involved.**

In suit by railway company in justice court, interpleading various parties claiming value of ties for which company owed $94.10, answer of one alleging he was entitled to recover out of such sum $69.60 to cover what he had paid another intervener for right to cut certain timber out of which ties were made, and that he was entitled to receive, under terms of oral contract with such other intervener, and would have received thereunder, $125, and was entitled to recover such damages from such intervener and her husband, was not sufficient to state cause of action therefor as against contention that Court of Civil Appeals was without jurisdiction of appeal because amount in controversy in justice court was less than $100 exclusive of costs.

**2. Appeal and error ⊜65—Claim for damages not at issue in justice court could not be considered in determining jurisdiction of appellate court; "amount in controversy."**

Where claim for damages by party impleaded in suit in justice court was not at issue therein, it could not be considered in determining whether Court of Civil Appeals had jurisdiction of appeal, since "the amount in controversy" to give jurisdiction on appeal means a sum of money or value of the thing originally sued for in the justice court.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Amount in Controversy.]

**3. Appeal and error ⊜51—Amount claimed in counterclaim cannot be added to amount in controversy so as to give Court of Appeals jurisdiction on appeal.**

If claim for damages by one interpleaded in justice court had been pleaded as a counterclaim, it could not have been added to amount in controversy so as to give Court of Civil Appeals jurisdiction on appeal, since in such case one of demands separately considered must exceed $100.

**4. Justices of the peace ⊜159(9)—Dismissing appeal from justice court for defect in bond amending prior defective bond held not abuse of discretion (Rev. St. 1925, art. 1840).**

Right under Rev. St. 1925, art. 1840, given to appellants to cure defects by filing new bonds in appellate courts, is within discretion of court, whose judgment is final except for abuse of discretion, and dismissing appeal from justice court because second appeal bond amending prior defective bond was defective was not abuse of such discretion.

**5. Appeal and error ⊜985—Court's discretion as to allowing amendment of appeal bonds will not be reversed on appeal except for abuse of discretion (Rev. St. 1925, art. 1840).**

Right under Rev. St. 1925, art. 1840, given appellants to cure defects in appeal bonds by filing new bonds, cannot be extended indefinitely as to number of bonds filed, but limitation is in court's discretion, which will not be reversed on appeal except for abuse thereof.

**6. Justices of the peace ⊜159(1)—Party interpleaded held not excused from giving appeal bond because he was party plaintiff.**

Party interpleaded in justice court *held* not excused from giving appeal bond on ground that he was party plaintiff, where he also occupied position of defendant in resisting claims of other interpleaded parties.

**7. Justices of the peace ⊜159(1)—Only where justice court judgment was against plaintiff for costs alone could he appeal without giving bond (Rev. St. 1925, art. 2456).**

Under Rev. St. 1925, art. 2456, only where judgment in justice court was against plaintiff for costs alone could he appeal to county court without giving appeal bond.

**8. Justices of the peace ⊜159(1)—Where judgment in justice court is against plaintiff for money in addition to costs, appeal bond is required (Rev. St. 1925, art. 2456).**

Under Rev. St. 1925, art. 2456, where judgment in justice court is against plaintiff for sum of money in addition to costs, in order to appeal, he must give bond.

**9. Justices of the peace ⊜159(1)—Where justice court judgment was against party interpleaded for money in addition to costs, failure to give appeal bond required dismissal (Rev. St. 1925, art. 2456).**

Under Rev. St. 1925, art. 2456, where justice court judgment was against party interpleaded for sum of money in addition to costs, such party, on appeal to county court, must give bond, and on failure to do so appeal will be dismissed.

Appeal from Newton County Court; E. A. Lindsey, Judge.

Interpleader by the New Orleans, Texas & Mexico Railway Company against P. Farr, J. K. Wilson, and others, begun in a justice court. From an adverse judgment, defendant J. K. Wilson appealed to the county court, and, from its dismissal of the appeal and overruling the appellant's motion to reinstate the cause, he appeals. Appeal dismissed.

A. A. Gunter, of Port Arthur, for appellant. Smith & Lanier, of Jasper, for appellees.

O'QUINN, J. This case has been submitted subject to a motion by appellees to dismiss the appeal. The New Orleans, Texas & Mexico Railway Company brought the suit in justice court of Newton County, interpleading P. Farr, J. K. Wilson, E. L. Marshall, and her husband, W. M. Marshall, alleging that it

---

⊜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

brought from P. Farr certain ties of the value of $94.10, and that J. K. Wilson was claiming that the ties were made from timber of which he was the owner, and that he would hold the railroad responsible for the value of the ties, and that the Marshalls also claimed some interest in said ties, and prayed that all of said parties be cited to appear and show their interest, if any, in said ties, to determine the true ownership of same. It also pleaded that it was a stakeholder, and by reason of the claims of the parties had been compelled to file the suit, and that it had to employ an attorney, and asked for an attorney fee of $25 to be taxed as costs and paid out of the $94.10 which it tendered into court.

Defendants Farr and the Marshalls appeared and filed written answers, denying that defendant Wilson had any interest in the ties or the money in payment for same; that there was no controversy between Farr and the Marshalls, but that Farr was entitled to the $94.10 in payment for ties made out of timber sold by the Marshalls to him; that, by Wilson's having wrongfully set up a claim to the ties and the money in payment for same, he had caused this suit to be filed, and was therefore responsible for all costs incurred, as well as the attorney fee prayed for by the railroad, and asked judgment accordingly.

Defendant Wilson answered and pleaded orally, as shown by the justice's transcript (1) a general denial of the matters contained in the answers of defendants Farr and the Marshalls; (2) that the acts of defendants Farr and the Marshalls in selling, purchasing, and moving the timber out of which the ties were made constituted a fraud upon his rights (it appearing aliunde that Wilson claimed he had by oral contract bought the merchantable tie timber on a certain tract of land from Mrs. Marshall, a feme sole at the time); that Farr and the Marshalls were estopped from denying the ownership of the timber in question in Wilson and his right to recover the sum of $69.60 (he claimed that he had advanced this amount for timber not cut).

The case was tried to a jury, and they returned a verdict in favor of Farr. Judgment was rendered that Farr recover of and from Wilson the $94.10, that the railroad be discharged, and that it have judgment for its attorney fee of $25 to be taxed as costs and paid out of the $94.10, and that all costs be taxed against defendant Wilson, including the $25 attorney fee for the railroad. From this judgment Wilson appealed to the county court.

In the county court Farr and the Marshalls moved to dismiss the appeal because of insufficient appeal bond; it being payable only to appellee Farr. This motion was sustained, and Wilson was granted the right to file an amended or new bond. He filed a new bond, but appellees Farr and the Marshalls filed motion to dismiss the appeal for insufficiency of this bond; the grounds being that same was made payable to parties, among others R. I. Wilson and W. M. Wilson, strangers to the suit, instead of being payable to Farr and E. L. Marshall, and W. M. Marshall, who were the parties to the suit contesting the ownership of said tie money. This motion was sustained, and the appeal dismissed. Motion to reinstate the case was made and overruled, and appellant brings this appeal.

[1-3] The motion of appellee to here dismiss the appeal is based upon the contention that the amount in controversy in the justice's court was less than $100, exclusive of costs. The matter in controversy was $94.10. The only other sum was the $69.60 mentioned in appellant's oral pleading noted on the justice's docket, and that was asked to be paid out of said $94.10. It is true that in his answer filed in the county court appellant pleads his oral contract with Mrs. E. L. Johnson, who at the time of this suit was Mrs. E. L. Marshall, for the tie timber on her tract of land, and says that he had paid for the timber he had removed and had advanced to her in merchandise the sum of $69.60 as the purchase price of timber yet to be cut from said land, and that he was entitled to receive out of the $94.10 said sum of $69.60 to cover said sum so advanced for timber not cut by him, and further pleaded that "he was entitled to receive, under the terms of his aforesaid contract, and would have received thereunder, in the total sum of $125, and that he is entitled to recover of and from the said E. L. Marshall and W. M. Marshall his said damages in the sum of $125," and prayed for damages against them in the sum of $125, and for the sum of $69.60 to be paid out of the $94.10 paid into the registery of the court by the railroad. The matter of damages is not sufficiently pleaded to state a cause of action for that item, but, if it had been, it was not an issue in the justice court and therefore could not be considered, for "the amount in controversy," to give jurisdiction on appeal, means the sum of money or the value of the thing originally sued for in the justice court. Railway v. Cunnigan, 95 Tex. 441, 67 S. W. 888. The item of $69.60 was not pleaded as a counterclaim, but, if it had been, then it could not have been added to the $94.10 so as to give this court jurisdiction on appeal, for in such case one of the demands separately considered must exceed $100. Crosby v. Crosby, 92 Tex. 441, 49 S. W. 359; Jackson v. Persons, 61 Tex. Civ. App. 97, 129 S. W. 639.

[4, 5] Furthermore, in our opinion the county court did not err in dismissing the appeal for want of an appeal bond. Appellant executed an appeal bond which, upon motion of appellees, was held insufficient, and appellant

was allowed to file in its place an amended or new bond. Upon motion of appellees, this bond was also held insufficient and the appeal dismissed. Appellant insists that he should have been allowed to file yet another amended or new bond. The statute (article 1840, R. S. 1925) provides that,. when there is a defect in substance or form in any appeal or writ of error bond, then on motion to dismiss the same for such defect the appellate court may allow the same to be amended by filing in such appellate court a new bond on such terms as the court may prescribe. This right was given to appellant, and he filed an amended bond, which was also defective. The allowance of further opportunity to cure defects in the appeal bond was in the sound discretion of the court. It certainly cannot be said that the statutory right given appellants to cure defects in appeal bonds by the filing of new bonds in the appellate courts can be extended indefinitely in the number of the new bonds thus filed. The limitation must be lodged in the discretion of the court, and, unless abuse of this discretion is shown, his action is final. We do not believe an abuse of discretion is here shown.

[6-8] But appellant says that, inasmuch as he was interpleaded and brought into the case to assert a right or claim to the money in controversy, he occupied the position of a plaintiff in the case, and, as the judgment was against him, therefore he was entitled to appeal without making an appeal bond, and therefore the fact that the appeal bonds executed by him were defective was immaterial. We do not agree with this contention. While it may be true that appellant to some extent occupied the position of a plaintiff, still he also occupied very definitely the position of a defendant resisting the claims of Farr and the Marshalls to the fund in controversy. Moreover, if appellant had, as plaintiff, instituted this suit in the justice court against the railroad company to recover the $94.10, and the railroad had admitted that it owed the money but interpleaded Farr and the Marshalls as it did, and upon trial judgment had been, as it was, for Farr and against appellant, he could not have appealed without making the bond required by law. Land Co. v. Ward (Tex. Civ. App.) 141 S. W. 1024; Dupree v. Massey (Tex. Civ. App.) 180 S. W. 668. It has been held that in the trial of the rights of property, where plaintiff files his claimant's bond and the ·judgment goes against him, he cannot appeal without giving an appeal bond (Carter v. Wyrick [Tex. Civ. App.] 98 S. W. 644), this for the reason that there being a judgment against him for *an amount not embracing costs* he was not relieved from giving the appeal bond. It is where judgment is against the plaintiff for *costs only* that he may appeal without giving an appeal bond. Where the judgment is against him for a sum of money, as here, in addition to costs, in order to appeal, he must execute an appeal bond. Article 2456, Revised Civil Statutes 1925; Willet v. Herrin (Tex. Civ. App.) 161 S. W. 29; Dupree v. Massey (Tex. Civ. App.) 180 S. W. 668. Judge Brown, in H. & T. C. Railway Co. v. Red Cross Stock Farm, 91 Tex. 628, 45 S. W. 375, in construing article 1670, now article 2456, said:

"Article 1670 ·requires bond to be given only in case the judgment is rendered for some amount, for it is evident that, if there be no amount recovered, no bond can be given under the requirements of that article."

[9] In the instant case there was judgment against appellant for $94.10, in addition to costs. So, in order to appeal the case to the county court, he must have executed an appeal bond.

From what we have said, it follows that this court is without jurisdiction to entertain this appeal, and the motion to dismiss must be sustained.

Appeal dismissed.