## SCOTT et al. v. EXCHANGE PETROLEUM CORPORATION.

· No. 1267.

Court of Civil Appeals of Texas. Eastland.

May 4, 1934.

Smith & Eplen, of Abilene, for appellants.

Blanton & Blanton, of Abilene, for appellee.

LESLIE, Justice.

This suit originated in the justice's court. C. A. Scott and others, comprising a copartnership, styled Scott Auto Parts Company, sued the defendant, Exchange Petroleum Corporation, for $87.45, evidenced by an open account itemized and verified in accordance with article 3736, R. S. 1925, amended by Acts 1931, c. 239, § 1 (Vernon's Ann. Civ. St. art. 3736). In the justice's court judgment was rendered in favor of the plaintiffs, and the defendant appealed. On a trial de novo in .the county court, the plaintiffs presented the same cause of action. and the defendant answered admitting it owed the plaintiffs the sum for which they sued, and again presented its cross-action evidenced by an open account aggregating $106.85, itemized and verified according to said statute. To this cross-action of the defendant the plaintiffs merely entered a general denial.

In the county court the trial was before the court and jury, and, upon the jury's answer to certain issues, judgment was rendered in favor of the defendant for the difference in the amount of the two accounts. It is from that judgment that this appeal is prosecuted. The plaintiffs, who were the defendants in the cross-action, did not file a written denial of the $106.85 account under oath, stating that the same was unjust or untrue, in whole or in part. Hence, the defendant's verified account proved itself, for the last provision of the above statute provides that, if one desires to contest such a verified account and "fails to file such affidavit, he shall not be permitted to deny the account, or any item therein as the case may be." Article 3736, R. S. 1925; 1 Tex. Jur. p. 337, § 40, et seq.; Padgitt Bros. Co. v. Dorsey (Tex. Civ. App.) 194 S. W. 1124 (1); J. M. Radford Groc. Co.. v. Porter (Tex. Civ. App.) 17 S.W.(2d) 145; American Druggists' Syndicate v. Holt Drug Co. (Tex. Civ. App.) 272 S. W. 508.

A verified· account which is not denied in accordance with the provision of said statute by the one sought to be charged proves, when admitted in evidence, that the merchandise itemized in the account was sold and delivered, that the prices are just, that the account as a whole is due and unpaid, and that all legal offsets, payments, and credits have been allowed. Also, it attests the credibility of the affiant, and, in an action against a partnership upon a sworn account, the affidavit, unless denied, proves the partnership. 1 Tex. Jur. p. 339, § 42; Carder & Parish v. J..B. Wilder & Co., 1 White & W. Civ. Cas. Ct. App. § 14; Persons v. Frost, 25 Tex. Supp. 130.

In this state of the record the trial court entered a correct judgment when it offset one undisputed account against the other and rendered a judgment for the balance in favor of. the Exchange Petroleum Corporation.

The plaintiffs did not by appropriate plead-

540

ings tender any defense provable in the absence of the written verified denial of the account embraced in the cross-action. 1 Tex. Jur. p. 357, § 61.

■ The amount claimed by the defendant in the cross-action was sufficient to give this court jurisdiction on appeal. Walker v. DeVilleneuve, 59 Tex. Civ. App. 476, 126 S. W. 281.

The foregoing are the controlling questions presented by the appeal. The conclusions expressed herein overrule the appellants' contentions to the contrary and render it unnecessary to pass upon other propositions presented in the brief, but rendered immaterial in view of the conclusive nature of the record.

For the reasons assigned, the judgment of the trial court is affirmed.