**ZWERNEMANN v. LOVING.**

No. 8770.

Court of Civil Appeals of Texas. Austin.

Sept. 28, 1938.

C. C. Jopling, of LaGrange, for appellant.

Hollis Massey and Paul H. Huser, both of Schulenburg, for appellee.

McCLENDON, Chief Justice.

This suit was brought in the justice court and appealed by the plaintiff to the county court without giving an appeal bond. On which account the appeal was dismissed. The instant appeal is from this judgment, the question presented being whether the facts bring the case within the decision in Houston & T. C. Ry. Co. v. Red Cross Stock Farms, 91 Tex. 628, 45 S.W. 375, to the effect that where plaintiff recovers nothing in the justice court, and recovery against him is only for costs, he may appeal to the county court without giving the statutory appeal bond.

Briefly the record shows: Plaintiff was the owner of two justice court judgments against Grounds, one of which foreclosed a chattel mortgage on a mule worth $125. Execution was issued on the judgments and levied upon the mule, which meanwhile had been sold by Grounds to defendant. The officer levying upon the mule returned it to defendant; whereupon plaintiff brought the instant suit to foreclose his mortgage lien as against defendant, who was not a party to the prior suit, and in the alternative to have his lien declared superior to the claim of defendant. The latter orally

plead that he purchased the mule from Grounds, "without notice and for value." The judgment was that plaintiff take nothing, and that defendant recover of plaintiff his costs and title to the mule. No money judgment was rendered against plaintiff and no relief awarded to defendant other than recovery of costs and title to the mule, as stated.

The appeal is ruled by the above holding in the Red Cross Case and that in Ross v. Williams, 78 Tex. 371, 14 S.W. 796. In the latter, Ross sued out a distress warrant in the justice court against Mitchell and levied upon personal property worth $195. Williams claimed the property and made affidavit and gave bond for trial of the right of property. The judgment of the justice court was that Williams recover the property and all costs of suit. Ross appealed to the district court giving bond for $300. The appeal was dismissed in the district court because the bond was not in double the amount of the judgment as the statute requires. The Supreme Court's holding is tersely stated in the following quotation:

"We think there was error in this ruling. The effect of the judgment was that plaintiff take nothing by his suit, and pay the costs. A bond in double the amount of the costs would have been sufficient.

"The fact that the judgment was made to read that the defendant recover the property in controversy, naming it, instead of being entered in the usual form where the plaintiff fails of a recovery, cannot be made to defeat any substantial right of the plaintiff. The judgment left the defendant in possession of the property, and he did not need a bond to protect him."

The application of the holding in these two Supreme Court decisions is obvious.

The instant case is clearly distinguishable from those in which defendant recovers a money judgment against plaintiff (Synco v. Pruitt, Tex.Civ.App., 27 S.W.2d 1108, and cases there cited) and those in which judgment is rendered in favor of an impleaded party against the original defendant (Wilson v. Ry. Co., Tex.Civ.App., 298 S.W. 300; Chillicothe Land Co. v. Ward, Tex.Civ. App., 141 S.W. 1024). This subject is fully treated with citation of authorities in 26 Tex.Jur., p. 913, § 110.

The trial court's judgment is reversed, the appeal in that court reinstated, and the cause remanded.

Reversed and remanded.