**Mary Virginia MASCORRO et al.,
Appellants,**

**v.**

**CITY OF VICTORIA, Appellee.**

**No. 4410.**

Court of Civil Appeals of Texas.

Waco.

Sept. 16, 1965.

Rehearing Denied Oct. 7, 1965.

Arthur L. Lapham, Victoria, for appellant.

M. L. Null, Proctor, Houchins, Anderson, Smith & Null, Victoria, for appellee.

McDONALD, Chief Justice.

This is an appeal by plaintiff from a take-nothing judgment in a personal injury case.

Salvador Mascorro, individually and as next friend for his minor daughter Mary Virginia Mascorro brought suit against the City of Victoria for personal injuries sustained by the minor child while riding a roller coaster operated by the city.

Trial was to a jury which acquitted defendant of negligence and found that the minor plaintiff voluntarily subjected herself to the danger involved. The trial court entered judgment on such verdict that plaintiffs take nothing.

Plaintiffs, on January 20, 1965, filed motion for new trial contending error in the charge of the court, and jury misconduct.

Plaintiff Salvador Mascorro, individually and as father and next friend of Mary Virginia Mascorro, on January 22, 1965 filed motion in the trial court asserting: "It appears now there is no question but that there will be a conflict of interest between Salvador Mascorro and his daughter Mary Virginia Mascorro," and prayed the court to appoint an attorney ad litem to represent Mary Virginia for the purposes of the motion for new trial and for an appeal if the trial court should not grant a new trial.

Motion for new trial was overruled by operation of law on March 8, 1965; and on April 2, 1965 the trial court entered an order refusing to appoint an attorney ad litem to represent Mary Virginia Mascorro, to which action of the court Mary Virginia Mascorro excepted.

Plaintiffs appeal on 1 point of error: "In the failure of the trial court to appoint a guardian ad litem for the minor plaintiff, Mary Virginia Mascorro, after the next friend stated to the court that his interests were in conflict with the minor's interest, and further, that the next friend would no longer represent her."

No statement of facts has been filed.

■ Plaintiff did not assign the asserted error in motion for new trial, and raises such for the first time on appeal. Plaintiffs' grounds of error are restricted to the assignments set forth in motion for new trial; and points raised for the first time on appeal cannot be considered. See Rules 324 and 374, Texas Rules of Civil Procedure; City of Corpus Christi v.

Gregg, 155 Tex. 537, 289 S.W.2d 746; 3 Tex.Jur.2d p. 460.

■ If the error complained of be deemed fundamental, and as such not necessary to assign in motion for new trial, plaintiff has brought forward no statement of facts from which it might be determined whether or not the next friend's interests were in fact in conflict with the minor's interest.

Affirmed.