**R. T. HERRIN et al., Appellant,**

v.

**J. B. KELLY, Appellee.**

No. 4693.

Court of Civil Appeals of Texas.

Waco.

May 9, 1968.

Danny R. Edwards, Houston, for appellant.

Roy C. Coffee, Jr., Dallas, for appellee.

## OPINION

TIREY, Justice.

J. B. Kelly brought this suit on a sworn account for labor performed and material furnished for construction of a fence in the sum of $888.76, together with attorney's fees, said suit having been filed on April 24, 1967, against R. T. Herrin and J. W. Jernigan. Appellants filed their original answer on May 16, 1967. Appellee filed motion for summary judgment with supporting affidavit on May 24, 1967, and hearing on motion was set for June 9, 1967, at which time the appellants' original cross-action was filed. Hearing was had on the summary judgment on June 9, 1967, and the court granted appellee's motion for summary judgment and entered a notation on the docket to proceed to trial on defendants' cross action. No action was taken or relief granted on appellee's application to foreclose statutory lien on the premises where the fence was built, pending the outcome of the cross-action. Thereafter a non-suit was taken against appellant, J. W. Jernigan, and appellee gave notice of appeal from the ruling on the order with reference to summary judgment, and this court sustained appellee's motion to dismiss the appeal on the ground that the judgment entered by the trial court was partial and interlocutory.

The jury found:

(1) Kelly did properly supervise the burning of the fire lanes in question that he was employed to do;

(4) that he did not leave the premises while the fire lanes were burning;

(7) that he did not burn the fire lanes at a time when he did not have a sufficient number of employees available to cope with any reasonably foreseeable emergency that might arise.

Issue 10 is: "From a preponderance of the evidence what do you find to be the reasonable cash market value of said barn in question in Ellis County, Texas, immediately prior to the fire in question? A. None.

(11) "From a preponderance of the evidence what do you find to be the reasonable cash market value of the hay in said barn in Ellis County, Texas, immediately prior to the fire in question? A. None.

(12) "Do you find from a preponderance of the evidence that J. W. Jernigan and wife had furniture, dishes and linens in the barn in question which were destroyed by the burning of said barn? A. Yes.

(13) "From a preponderance of the evidence what do you find to be the reasonable cash market value of said furniture, dishes and linens, if any, in Ellis County, Texas, immediately prior to the burning of said barn in question? A. None.

(14) "Do you find from a preponderance of the evidence that the burning of the barn in question was due solely to an act of God? A. It was."

The court entered judgment on the verdict and in the judgment we find this recital:

"* * * and it appearing to the Court that a partial summary judgment had previously been entered on the 26th day of July, 1967, in favor of Plaintiff-Cross-Defendant, J. B. Kelly, against R. T. Herrin in the sum of ELEVEN HUNDRED EIGHTY-EIGHT and 76/100 ($1,188.76) DOLLARS, and it further appearing to the Court upon hearing and consideration of Plaintiff-Cross-Defendant's Motion for Judgment herein that Judgment should be rendered, that Plaintiff-Cross-Defendant have and recover the sum of ELEVEN HUNDRED EIGHTY-EIGHT and 76/100 ($1,188.76) DOLLARS from R. T. Herrin, and that Defendants-Cross-Plaintiffs take nothing against the Plaintiff-Cross-Defendant as a result of their Cross-Action." And decreed accordingly.

The defendants excepted to the action of the court and thereafter filed their motion

for new trial and, it being overruled, perfected their appeal to this court.

Appellants assail the judgment on what they designate as 18 points. Points 1, 2, 3 and 4 are to the effect that the court erred in overruling their special exceptions Numbers 1, 2, 3 and 4 in their original answer for the reasons stated in such special exceptions. No reason is stated and these points are not raised in their motion for new trial. However, we have carefully considered each of the exceptions set out in appellants' pleadings, and find that they are without merit, and it would unduly extend this opinion to discuss them and, besides, it would be of no precedential value. Accordingly, each of these points is overruled.

Appellee contends that appellants' first eight points were waived because they were not specifically set out in his motion for new trial. We have considered the record very carefully and we sustain appellee's contentions. A motion for new trial when required by the Rules of Civil Procedure, as was the situation in this case, constitutes the assignments of error on appeal, and under Rule 374 Texas Rules of Civil Procedure, the grounds of error are restricted to the assignments set forth in the motion for new trial. See Mascorro v. City of Victoria, Tex.Civ.App., 394 S.W.2d 530, (n. w. h.). See also Dallas Railway & Terminal Co. v. Bailey, 151 Tex. 359, 250 S.W.2d 379. Perhaps we should say that appellee brought the action on a sworn account for labor and materials furnished appellants in building a fence on property owned by R. T. Herrin. He stated on oath that the claim was, within his knowledge, just and true; that the same was due, and that there were no just and lawful offsets, payments or credits to be allowed. His petition is in compliance with Rule 185 T.R.C.P., and this rule requires that the party resisting a suit on a sworn account must file a written denial, under oath, stating that such claim is not true, in whole or in part, and if in part only, stating the items in particular which are un-

just. This, appellants failed to do. The rule is well settled in Texas that when one elects to file a verified denial, he must comply substantially with Rule 185. A mere general denial of the debt is not sufficient. See also Peterson v. Graham-Brown Shoe Co., 200 S.W. 899, (n. w. h.). Scott, et al., v. Exchange Petroleum Corp., 71 S.W.2d 539; Sessions Co. v. W. A. Sheaffer Pen Co., Tex.Civ.App., 344 S.W.2d 180, (n. r. e.). See also Rule 166–A(e). Since the jury acquitted the appellee of all negligence in the burning of the fire lanes, all the other points of appellants pass out of the case. We say this in view of the fact that the evidence in support of the jury's findings that appellee was not guilty of negligence is ample to support their verdict in this behalf, and that such findings are not against the great weight and preponderance of the evidence. As we understand the rule in Texas, it is to the effect that where you have a jury the trial court cannot decide what witnesses are credible or incredible; that is the function of the jury. See Olds v. Traylor, 180 S.W.2d 511, (w. ref.) points (8, 9). See also Cartwright v. Canode, 106 Tex. 502, 171 S.W. 696; White v. White, 141 Tex. 328, 172 S.W.2d 295, points (1–5). See also opinion of Supreme Court In re King's Estate, 150 Tex. 662, 244 S.W.2d 660. So, we are of the view that the jury verdict finding no liability against the appellee is not against the great weight and preponderance of the evidence. See also West v. Slaughter, 384 S.W.2d 185 (n. r. e.), Point 2, page 192, and cases there cited.

Since appellants grounded their cross-action on the negligence of the appellee in burning the fire lanes, and since the jury found that appellee was not guilty of negligence in any respect, and since the findings of the jury are not against the great weight and preponderance of the evidence, we cannot reach appellants' contentions as to the loss they sustained by reason of the fire.

Accordingly, the judgment of the trial court is affirmed.