Hollis PIPPEN, Appellant,

v.

R & R ELECTRONIC SUPPLY COMPANY, Appellee.

No. 4278.

Court of Civil Appeals of Texas.

Eastland.

Jan. 10, 1969.

C. J. Eden, Breckenridge, for appellant.

Robert E. Ford, Abilene, for appellee.

GRISSOM, Chief Justice.

Hollis Pippen owned television service "centers" in Cisco and Breckenridge. The Breckenridge store was operated by his manager. R & R Electronic Supply Company, in 1964 and 1965, sold electronic products to Pippen on an open account for merchandise ordered and delivered to both stores. After payment ceased, on October 9, 1965, R & R Electronic Supply Company filed this suit for the balance alleged to be due thereon. The sworn account showed an unpaid balance of $800.00. On the day the trial began, the defendant was permitted to file only a portion of a preferred answer which, he contended, was a verified denial of the account. According to findings in the judgment, the only portion permitted to be filed was defendant's allegation that "The claim of plaintiff alleged in Plaintiff's Second Amended Original Petition is not just or true, in whole or in part." After close of the evidence the court instructed a verdict for the plaintiff for $800.00 and attorney's fees. Pippen has appealed.

Appellant ably presents points to the effect that the court erred: (1) in not admitting all his first amended answer; (2) in overruling his special exception, which we think was a general demurrer; (3) in overruling his motion in limine; (6) in rendering judgment for the balance shown by the account, because there was no evidence, or insufficient evidence, of such amount, and (7) in not submitting to the jury an issue inquiring how much the defendant owed the plaintiff.

The court found in its judgment that defendant's answer did not deny delivery, or question the agreed price, nor point out any specific objection to plaintiff's account and, it appeared to the court, that defendant admitted delivery of the merchandise mentioned in the account, continued regular and orderly payments on said account in liquidation thereof, and defendant, having acknowledged making the payments set forth in the account sued on, which was attached to plaintiff's petition, and plaintiff, having presented detailed evidence of said account, "without a denial thereof" by the defendant, and the account being verified, the debt evidenced thereby was established and plaintiff was entitled to judgment on the account. The judgment further recited that the only defense presented by defendant's pleadings was that defendant was not liable because merchandise was shipped to the defendant in Breckenridge in violation of his instructions, but, it being established that the defendant continued to accept such merchandise so shipped to him by the plaintiff for more than fifteen months and regularly made payments on such account, therefore, the court sustained plaintiff's motion for an instructed verdict and rendered judgment accordingly.

It is evident that the part of the defendant's answer which was permitted to be filed did not comply with that part of Texas Rules of Civil Procedure, rule 185 which required him to state, under oath, "the items and particulars which are unjust." Stephens v. Lott, Tex.Civ.App., 339 S.W.2d 405, 407. It was therefore ineffective and did not raise the fact issue that appellant contends the court erred in not submitting, to-wit, the amount owed on the account. Herrin v. Kelly, Tex.Civ.App., 429 S.W.2d 195; Dina Pak Corporation v. May Aluminum, Inc., Tex.Civ.App., 417 S.W.2d 419. The essence of Mr. Pippen's testimony was that, after said account had reached an amount larger than he anticipated, he, living in

Cisco, told plaintiff not to grant his Breckenridge store credit in excess of about $500.00. The only substantial non C.O.D. sale thereafter pointed out was a sale to the Breckenridge store for Mr. Clark, which was sent by the plaintiff C.O.D. but obtained by defendant's Breckenridge manager without payment, was a special order for a certain person and was paid for.

We have examined the record in connection with all of appellant's points. They are overruled. We conclude that reversible error is not shown. The judgment is affirmed.