## LEVINE v. TRAMMELL et al.

No. 12480.

Court of Civil Appeals of Texas. Fort Worth.
June 13, 1931.

Rehearing Denied July 11, 1931.

Weeks, Morrow, Francis & Hankerson, of Wichita Falls, for appellant.

P. B. Cox and E. F. Fruechte, both of Wichita Falls, for appellees.

BUCK, J.

This is a suit by Mrs. Clara Trammell and her husband, F. C. Trammell, against Mike Levine. Plaintiffs below, appellees here, alleged that they were husband and wife, and were the parents of four children, and that Mrs. Trammell was at the time of the transaction of which they complain about the age of 35 years and was able and capable of per-

forming all her duties as a housewife; that she has always enjoyed good health and has been able to bear and mother her said children. That some time prior to February 21, 1930, plaintiffs rented a certain house from defendant for a residence, said house being located at 304 Travis street, in Wichita Falls; that said rental was paid for the first week in advance and the second week was also paid in advance. That plaintiffs were laboring people and forced to pay their rents and expenses from their wages; that plaintiff F. C. Trammell was unable to find work in Wichita Falls and told defendant of his condition and that he had the promise of work in Oklahoma City and was going there to work, and that he would pay his next installment of rent as soon as he received his first pay; that defendant agreed that such arrangement would be satisfactory; that plaintiff then went to Oklahoma City and secured work, and had not received his first pay on February 21, 1930, as he had worked only a few days at that time, but would have been paid on the Saturday following and could and would have paid defendant the next installment of rent.

Plaintiffs further alleged that on February 21, 1930, when said rent was three or four days past due, defendant came to the home of these plaintiffs and demanded another week's rent in advance, notwithstanding his prior agreement with the husband that he would wait for the next installment from Mr. Trammell's pay on his new job. That when Mrs. Trammell told him that her husband was away from home, and that she could not pay the rent at that time, defendant then cursed and abused her, and cursed and abused her husband, and used violent and inflammatory language to and about the plaintiffs and threatened to throw the furniture and furnishings, together with Mrs. Trammell and her children, into the street; that a Mrs. Carson, a neighbor of plaintiffs, went to the defendant and told him that Mrs. Trammell was in a delicate state and that she was pregnant, and for him not to further frighten and disturb her, and called his attention to the agreement he had made with Mr. Trammell, and also that the weather was very cold, and that Mrs. Trammell was very nervous and was in a state of great excitement and fear; that defendant returned again to plaintiffs' home after the first occurrence with the smell of intoxicants on his breath, and in an angry, boisterous, and violent manner came into the plaintiffs' home and again began to curse and abuse them, cursing them in the most vile and abusive terms, and then in a burst of rage grabbed a large butcher knife and waved it in a threatening manner at Mrs. Trammell and her children, and threatened to drive them into the street; that defendant then went to the gas stove and cut the connection and took the stove away and left plaintiffs

without fire or means of heat in the home and threatened to return and do personal violence if plaintiffs did not pay him his rent for the week. That said conduct on the part of defendant was reckless, negligent, and without provocation and constituted a tort and a breach of the peace and was in violation of the statutes of this state, and proximately caused the damages hereinafter set out. That by reason of the wrongful, negligent, heartless, reckless, and willful conduct on the part of defendant, Mrs. Trammell became very suddenly ill and had a complete nervous breakdown; that she was put to bed by her neighbor, Mrs. Carson, who worked with her on into the night, and that during the night she had a miscarriage, giving premature birth, the fetus being from three to four months old; that she suffered great physical pain and mental anguish for many days and that she will continue to suffer; that her nervous system is permanently affected, and that she is now in a very weak and nervous condition and unable to perform her duties as a housewife; that she is still suffering pain in her body and especially in her female organs, and that she will likely be an invalid for the balance of her life; that prior to the conduct of defendant she was strong and healthy and had a life expectancy of at least 30 years; that by reason of the suffering caused by defendant's said wrongful acts, she had been damaged in the sum of $10,000; that plaintiff has been under the care of doctors and paid out for professional services and medicine the sum of $40, which said charges are reasonable, and will continue to pay out money and expenses in further treatment, all of which was caused by the wrongful acts of defendant. That plaintiff's husband has lost the services of his wife in keeping his home and caring for the children, and that he has also been damaged in the sum of $2,500. Actual damages in the sum of $12,540 and exemplary damages in the sum of $10,000 was asked.

Defendant filed his answer, consisting of a general demurrer and certain special exceptions, some of which will be hereinafter noticed.

The cause was tried before a jury on special issues, and the jury found: (1) That a preponderance of the evidence showed that defendant, Mike Levine, used loud, vociferous, profane, and threatening language and threatening gestures in the presence and hearing of the plaintiff Mrs. Clara Trammell; (2) that the preponderance of the evidence showed such conduct on the part of defendant was the proximate cause of the injury to Mrs. Trammell; (3) that she suffered actual damages in the sum of $1250; (4) that defendant's conduct was willful, wanton, and malicious; (5) that $1,500 should be assessed as exemplary damages. From the judgment rendered on this verdict, the defendant has appealed.

**336**

### Opinion.

Appellant urges that the trial court in submitting the case to the jury did not ask whether Levine had committed a trespass, whether he had committed a breach of the peace, and did not ask whether there was an assault upon Mrs. Trammell; that the court did not ask the jury whether the loud and vociferous language was such as was likely to constitute a breach of the peace, or whether the threatening gestures showed an intent and were coupled with the ability to commit a battery, or inquire whether Levine was in the wrong in even going to ask for his money. That the trial court assumed all of this was true.

The gravamen of plaintiff's cause of action was a breach of the peace and a trespass on the part of defendant against plaintiff Mrs. Trammell, and not the breach of an agreement theretofore had between the defendant and Mr. Trammell. Hence the issue of such breach of agreement is not fundamental, and it is conclusively presumed to have been found by the court in support of the judgment. Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.(2d) 1084.

We think that where the trial court submits to the jury issues of fact upon which exemplary damages may be allowed, defining the terms requested by defendant, and then, without any objections or request for a different issue, asks the jury "what amount of money do you find, if any, should be assessed as exemplary damages," the court does leave the matter of assessing such exemplary damages entirely to the discretion of the jury, and the defendant cannot be heard to complain that the court assumed that defendant's acts were wanton, willful, and malicious, and that plaintiff was entitled to exemplary damages.

Where plaintiff sues for damages on account of injuries as a result of fright and nervous shock causing a miscarriage or premature childbirth, brought on by defendant by the use of loud, vociferous, profane, and threatening language in the home of plaintiff, which constitutes a criminal offense, and the court, in submitting to the jury the fact issue as to the conduct of the defendant, uses the language substantially of the Criminal Code (Penal Code 1925, art. 474) as to the terms that constitute the offense, the issue is not fundamentally erroneous for duplicity, when an affirmative finding on either is sufficient to constitute the offense charged, and no objections are made to the manner in which it is submitted in the trial court.

It has been held many times in this state, as enunciated in St. Louis S. W. Ry. Co. v. Alexander, 106 Tex. 518, 172 S. W. 709, 710, in an opinion by Chief Justice Brown of the Supreme Court, that a plaintiff is entitled to recover for mental and physical pain caused by fright, etc. The court said: "We conclude that where a physical injury results from a fright or other mental shock, caused by the wrongful act or omission of another, the injured party is entitled to recover his damages, provided the act or omission is the proximate cause of the injury, and the injury ought, in the light of all circumstances, to have been foreseen as a natural and probable consequence thereof."

Appellant urges that there was no evidence calling for the submission of an issue as to exemplary damages. If Levine went into the home of the Trammells after he had agreed to wait for his money until Trammell could send it from Oklahoma City, where he was at work, and used loud and vociferous language in demanding that Mrs. Trammell pay him the rent or get out of the house, and his act in so demanding in the manner he did was willful, wanton, and reckless, then we think exemplary damages were properly submitted to the jury. It is true that Mrs. Trammell in her delicate and nervous condition was unable to specifically testify to all the conduct of defendant, or the words spoken by him, but Mrs. Carson, who was present at all the uncalled for visits of the defendant when he exhibited an utter disregard for plaintiff in her condition, and who was a disinterested party to the lawsuit, testified: "He said that he did not see how that dam bitch could cause him any trouble as it was his house and he did not have to furnish her a home, and he kept on raving and called her a God dam bitch and said that she owed him money and that she could not cause him any trouble because it was his house. Mrs. Trammell was but ten feet from him in the very room and it made her very, very nervous, and I rubbed her limbs with rubbing alcohol because her limbs were numb."

Defendant did not file any objections to the charge as given. Article 2185, R. C. Statutes 1925, provides that a charge shall be in writing, signed by the judge, and filed by the clerk, and shall be submitted to the respective parties or their attorneys for inspection and a reasonable time given them in which to examine and present objections thereto. As before stated, there does not appear in the record any objections filed by appellant here of the instructions given, although there is some objection contained in a bill of exceptions apparently filed on August 20, 1930, while the charge of the court was given to the jury on the 29th day of April, 1930. Certainly the objection to the charge should be made before the charge is submitted to the jury in order that the trial court may have the benefit of said objections. Certainly an objection filed some three months after the trial comes too late.

We have carefully examined this record and conclude that we cannot disturb the judgment below on any of the grounds urged, and therefore the judgment is in all things affirmed.